**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| LAURA A. OWENS, individually and on behalf of a class of all others similarly situated, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 2:14-CV-00074-RWS |
| v. | : : | |
| METROPOLITAN LIFE INSURANCE COMPANY, | : : : | |
| Defendant. | : | |

## <u>ORDER</u>

This case comes before the Court on Defendant Metropolitan Life

Insurance Company's Motion for Reconsideration or, in the Alternative,

Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b)

[111] and Motion to Stay Class Certification Briefing Deadlines [112].  After

reviewing the record, the Court enters the following Order.

## **Background**[1]

This case arises out of Metropolitan Life Insurance Company's

("MetLife") administration of life insurance death benefits paid on employee

---

[1]  The Court recites the facts from its September 29, 2016 Order [110].

benefit plans.  On April 17, 2014, Plaintiff Laura Owens, on behalf of herself and of a class of all others similarly situated, brought this action pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

Plaintiff Laura Owens is the beneficiary of a life insurance policy that provided $95,000.00 in coverage on her husband's life (the "Policy").  (Def.'s SOMF., Dkt. [76-2] ¶ 61.)  Owens's husband, Robert F. Owens, was employed prior to his death on April 7, 2012 by CB Richard Ellis, Inc. and was a participant in the CB Richard Ellis Group Insurance Plan (the "Plan").  (Pl.'s SOMF, Dkt. [74-1] ¶ 1.)  The Policy provides, "We will pay the Life Insurance in one sum.  Other modes of payment may be available upon request."  (Id. ¶ 12.)

On or around May 21, 2012, CB Richard Ellis, Inc., submitted a claim for life insurance benefits on Plaintiff's behalf.  (Id. ¶ 19.)  MetLife approved the claim and established a "Total Control Account" in Owens's name (the "TCA").[2]  (Id. ¶ 20.)  MetLife provided a book of blank drafts to Plaintiff,

---

[2]  "Total Control Account" is the trade name used by Defendant for what is known in the life insurance industry as a "retained asset account."  (Pl.'s SOMF, Dkt. [74-1] ¶ 21.)

AO 72A
(Rev.8/82)

which allowed her to withdraw funds from the TCA in increments of $250 or more.  (Def.'s SOMF, Dkt. [76-2] ¶ ¶ 81–82.)  The TCA accrued interest at a rate tied to one of two indices; the rate fluctuated weekly but the annual effective interest rate was no lower than 0.50%.  (Id. ¶ 84.)

MetLife's practice is to hold payable benefits in its own general account until called upon to transfer funds to cover drafts drawn on Total Control Accounts.  (Id. ¶ 25.)  This practice extended to the benefits paid on Plaintiff's claim.  MetLife established a TCA for Ms. Owens, paying interest at the rate of 0.50%.  (Pl.'s SOMF, Dkt. [74-1] ¶ 27.)  The funds remained in MetLife's general account, earning interest for MetLife at a higher rate than that paid to Plaintiff.  (Id. ¶ 28–29.)

This practice is the basis of Plaintiff's Complaint.  Plaintiff alleges that MetLife profited from "investing [Plaintiff's] benefits for its own account." (Id. ¶ 17.)  Plaintiff further alleges that MetLife did not disclose that profit or similar profits to Ms. Owens or to the Plan's sponsor or administrator.  (Id. ¶ 18.)  Plaintiff claims that this conduct constitutes a breach of fiduciary duty.

Plaintiff alleges that MetLife routinely profits in this manner from plan benefits paid on group life insurance policies.  (Compl., Dkt. [1] ¶¶ 19–25.)

3

Plaintiff claims that this practice violates the terms of the payment clauses in these policies, which provide "We will pay the Life Insurance in one sum. Other modes of payment may be available upon request." (Id. ¶ 20.)

Plaintiff claims she exhausted her administrative remedies when, on or around November 21, 2013, Plaintiff submitted a claim on the Policy to MetLife. (Id. ¶¶ 26–28.) MetLife did not respond to Plaintiff's claim within 90 days, as required by the ERISA addenda to the Plan's Certificates of Insurance. (Id.)

Plaintiff now brings her claims pursuant to ERISA on behalf of herself and the class of others similarly situated.[3] Plaintiff further brings claims on behalf of a subclass of Georgia residents. Plaintiff claims that MetLife functioned as a fiduciary when it engaged in the conduct described above. (Id. ¶ 31.) Further, Plaintiff claims that MetLife is a party in interest to the Plan. (Id. ¶¶ 36–37.) On those bases, Plaintiff brings the following causes of action: breach of the duty of loyalty imposed by ERISA § 404(a)(1)(A) (Count I); breach of the fiduciary duties imposed by ERISA § 406(b)(1) (Count II),

---

[3] The Court does not address class certification in the present Order. Plaintiff's Motion for Class Certification has not yet been fully briefed before the Court. (See Dkt. [113].)

4

§ 406(a)(1)(B) (Count III), and § 406(a)(1)(C) (Count IV); and postmortem interest for the Georgia subclass (Count VI).[4]

On November 30, 2015, Plaintiff filed a Motion for Partial Summary Judgment [75] as to the five remaining counts, and, on the same day, Defendant filed a Motion for Summary Judgment [76].  The Court, in its Order [110] dated September 27, 2016, granted Plaintiff's Motion for Partial Summary Judgment [75] as to Counts II, III, and VI and denied the motion as to Counts I and VI.  The Court denied Defendant's Motion for Summary Judgment [76]. Defendant subsequently and simultaneously filed Defendant Metropolitan Life Insurance Company's Motion for Reconsideration or, in the Alternative, Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b) ("Motion") [111] and its Motion to Stay Class Certification Briefing Deadlines [112].

## Discussion

### I.  Motion for Reconsideration

#### A.  Legal Standard

---

[4] Count V, for declaratory relief regarding coverage by state insurance guaranty funds for the Georgia subclass, was dismissed on Defendant's Motion to Dismiss for Failure to State a Claim.  (Dkt. [41].)

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D. Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). A motion for reconsideration "may not be used to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259. Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Comput. Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

6

**B.**     **Discussion**

Defendant has identified five possible clear errors of law and fact for which its motion for reconsideration should be granted. The Court addresses each individually.

>    *1.      Not considering certain key undisputed facts in determining*
>
>            *whether MetLife paid Plaintiff's life insurance benefits in*
>
>            *conformance with the Policy and Plan*

Defendant makes two arguments that the Court should grant its Motion for Reconsideration for failing to consider its factual record in interpreting the Policy's payment provision. First, it argues that the Court should have considered, under federal common law, that C.B. Richard Ellis, Inc. intended plan benefits to be paid via a TCA. (Motion, Dkt. [111], at 4–9.) This is the first time that Defendant has raised this argument regarding federal common law in its briefs. In fact, in its Motion for Summary Judgment and associated briefs and responses, Defendant advocated for the application of Georgia law in interpreting the Policy. (E.g., Br. in Supp. of Def. Metro. Life Ins. Co.'s Mot. for Summ. J. ("Mot. for Summ. J."), Dkt. [76-1], at 15 ("With respect to interpreting the Policy's 'contractually defined benefits,' under Georgia law,

'[t]he cardinal rule of construction is to ascertain the intention of the parties.'
O.C.G.A. § 13-2-3."))  None of the cases relied upon in its Motion were
mentioned in the briefing surrounding the two motions for summary judgment
ruled on in the Order [110].  A motion for reconsideration may not be used "to
offer new legal theories or evidence that could have been presented in
conjunction with the previously filed motion or response, unless a reason is
given for failing to raise the issue at an earlier stage in the litigation."  Adler,
202 F.R.D. at 675.  Defendant has not provided such a reason here.  Thus,
Defendant's Motion for Reconsideration as to this issue is **DENIED**.

Second, Defendant argues that the Court's failure to consider Plaintiff's
ability to access the funds in her TCA account supports a grant of its Motion.
All of the arguments made, however, were previously made in its Motion for
Summary Judgment and various responses.  It is merely attempting to
repackage its earlier argument, which the Court addressed in its discussion on
effective possession versus actual possession in its Order [110].  (Order, Dkt.
[110], at 14–15.)  A motion for reconsideration is not intended for such
rehashed arguments.  As such, Defendant's Motion for Reconsideration on this
issue is **DENIED**.

8

> 2. *Not addressing the inconsistency between the definition of*
> *"payment" applied in the Order and the definition of*
> *"payment" applied in the majority of U.S. Circuit Courts of*
> *Appeal decisions*

Defendant next argues that the Court committed a clear error by failing to reconcile the definition of "payment" used in <u>Mogel v. Unum Life Insurance Co.</u>, 547 F.3d 23 (1st Cir. 2008), and that used in various other circuit court decisions.  (Motion, Dkt. [111], at 11–14.)  This argument was previously made in detail in Defendant's Motion for Summary Judgment.  (Mot. for Summ. J., Dkt. [76-1], at 25–26.)  The Court considered Defendant's argument at that time.  (Order, Dkt. [110], at 15–17.).  A motion for reconsideration is not a proper mechanism for Defendant to reassert its prior argument.  Defendant's Motion for Reconsideration as to this issue is therefore **DENIED**.

> 3. *Not considering MetLife's alternative argument that its*
> *payment of life insurance benefits through a TCA was*
> *permissible under the Policy and Plan as an "other mode[]*
> *of payment"*

Defendant next argues that the Court should have held that payment of

9

life insurance benefits through a TCA was "permissible under the Policy's

provision that 'other modes of payment may be available upon request.'"

(Motion, Dkt. [111], at 14.)  The Court addressed and rejected this argument as

it was previously stated in Defendant's Motion for Summary Judgment.

(Order, Dkt. [110], at 12 n.5.)  A motion for reconsideration "may not be used

to present the court with arguments already heard and dismissed or to

repackage familiar arguments to test whether the court will change its mind."

Bryan, 246 F. Supp. 2d at 1259.  Defendant's Motion for Reconsideration as to

its alternative argument is therefore **DENIED**.

> 4.    *Not considering whether MetLife's alleged ERISA*
> *violations proximately caused Plaintiff harm*

Next in its Motion, Defendant argues that reconsideration should be

granted based on the Court's failure to consider whether its alleged ERISA

violation proximately caused Plaintiff's harm.  (Motion, Dkt. [111], at 16–18.)

First, the Court notes that Defendant's argument with regards to proximate

cause were previously raised in its Motion for Summary Judgment.  (Mot. for

Summ. J., Dkt. [76-1], at 29–30.)  As this argument has already been "heard

and dismissed," a motion for reconsideration may not be used "to test whether

10

the court will change its mind." <u>Bryan</u>, 246 F. Supp. 2d at 1259.  Furthermore, the Court finds that <u>Edmonson v. Lincoln National Life Insurance Co.</u>, 725 F.3d 406 (3d Cir. 2013), the case upon which Defendant's argument relies, is sufficiently factually distinguishable as to be inapplicable here.  As such, Defendant's Motion for Reconsideration as to this issue is **DENIED**.

> 5.  *Finding as a matter of law that the assets backing MetLife's TCA libialities were plan assets, contrary to U.S. Supreme Court and circuit court precedent*

Finally, Defendant urges the Court to reconsider its prior finding as a matter of law that the assets backing the TCA liabilities were plan assets by adopting the reasoning of the First Circuit in <u>Merrimon v. Unum Life Insurance Co. of America</u>, 758 F.3d 46 (1st Cir. 2014).  (Motion, Dkt. [111], at 16–20.) This argument regarding the status of the liabilities was fully briefed by the parties in their various motions and responses prior to the Court's Order [110]. As Defendant's argument has already been heard, it is not an appropriate ground for the grant of a motion for reconsideration.  Defendant's Motion for Reconsideration as to this issue is therefore **DENIED**.

11

## II.    Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292 (b)

### A.    Legal Standard

The courts of appeals "have jurisdiction of appeals from all final decisions of the district courts . . . ."  28 U.S.C. § 1291.  An exception to this final decision rule is provided by § 1292(b), which allows a district judge to certify the appeal of an interlocutory order when the judge determines that the order to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."  28 U.S.C. § 1292(b).  Even if these requirements are satisfied, the Court of Appeals retains discretion to refuse to allow the appeal.  "Section 1292 is intended to be used sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation."  U.S. ex rel. Powell v. American InterContinental University, Inc., 756 F. Supp. 2d 1374, 1378 (N.D. Ga. 2010).

A substantial difference of opinion as to a question for which an interlocutory appeal is sought exists "when a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to

12

the issue, or (3) the circuits are split on the issue." <u>CFPB v. Frederick J. Hanna & Assocs., P.C.</u>, 165 F. Supp. 3d 1330, 1335 (N.D. Ga. 2015).  Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion.  <u>See</u> <u>In re Scientific-Atlanta, Inc. Sec. Litig.</u>, No. 1:01-CV-1950-RWS, 2003 WL 25740734, at *1 (N.D. Ga. Apr. 15, 2003).

### **B.**   **Discussion**

Defendant has identified two possible controlling questions of law for which there is substantial ground for difference of opinion and the immediate review of which may materially advance the ultimate termination of the litigation.  The Court addresses each individually.

> *1.   Whether crediting life insurance benefits to an interest-bearing account with draft-writing privileges while retaining the assets backing the account liabilities constitutes payment in one sum.*

Section 1292(b) appeals are intended "for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." <u>McFarlin v.</u>

13

Conseco Servs., LLC., 381 F. 3d 1251, 1259 (11th Cir. 2004).  "In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed."  Id.  "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law."  Id.

Defendant's first proposed question does not meet this standard.  It is worded in such a way that it is factually specific to the current case.  Because of the nature of ERISA, cases turn on the specific language of the policy at issue.  So too here, where Defendant's question focuses on the meaning of "payment in one sum" under the Policy.  While Defendant packages its arguments throughout its Motion as ones of law, the true issue is one of applying the law to a set of facts, the language of the Policy.  Such circumstances are not appropriate grounds for certification for appeal under § 1292(b).

Further, there is no substantial difference of opinion as to this question, which is required for an appeal under § 1292(b).  A substantial difference of

14

opinion may exist in one of three ways.  First, a substantial difference of opinion exists where the issue is difficult and of first impression.  While this is an issue of first impression in the Eleventh Circuit, lack of authority alone is insufficient to meet this requirement for an appeal under § 1292(b).  And while this issue is one of first impression, it involves the application of traditional rules of contract interpretation.  This is not the difficult issue for which § 1292(b) was intended.  Second, a substantial difference of opinion may exist when there is a difference of opinion within the controlling circuit, but the only other case to address this issue in the Eleventh Circuit, Garrison v. Jackson National Life Insruance Co, 908 F. Supp. 2d 1293 (N.D. Ga. 2012), is in agreement with the Order [110].

Finally, a substantial difference of opinion exists when the circuits are split on the issue.  Defendant argues that a circuit split exists here, with "the First Circuit Mogel panel on the one side, and the First Circuit Merrimon and Vander Luitgaren panels, the Second Circuit, and the Third Circuit on the other side."  (Motion, Dkt. [111], at 23.)  As discussed in the Order [110], these referenced cases are not, in fact, in opposition to one another.  (Order, Dkt. [110], at 15–16.)  Every case that Defendant argues is in conflict with Mogel

15

explicitly distinguishes <u>Mogel</u> on its facts.  See, e.g., <u>Merrimon</u>, 758 F.3d at

56–57 ("The decision in [<u>Mogel</u>] is not at odds with the conclusion that the

monies retained by the insurer are not plan assets.  <u>Mogel</u> involved a plan that

contained a specific directive to pay beneficiaries in a lump sum."); <u>Vander</u>

<u>Luitgaren v. Sun Life Assurance Co.</u>, 765 F.3d 59, 65 n.5 (1st Cir. 2014) ("The

result that we reach is also consistent with our decision in [<u>Mogel</u>].");

<u>Edmonson</u>, 725 F.3d at 425 ("But the terms of the policy in <u>Mogel</u> required an

immediate lump sum payment upon receipt of proof of a claim.  Because the

policy here is silent as to the form of payment, Lincoln had discretion as to how

to comply with its requirements . . . ."); <u>Faber v. Metro. Life Ins. Co.</u>, 648 F.3d

98, 106–07 (2d Cir. 2011) ("<u>Mogel</u> is better understood as predicated on the

fact, not present here, that the insurer failed to abide by plan terms requiring it

to distribute benefits in lump sums.").  These cases are consistent, with their

differences in outcome as a result of the differing policy language in each case.

Thus, there is no circuit split to justify a finding of a substantial difference of

opinion.  Defendant's Motion for Certification for Interlocutory Appeal Under

28 U.S.C. § 1292(b) is therefore **DENIED** as to Defendant's first proposed

question.

AO 72A
(Rev.8/82)

2.      *Whether general account assets backing an insurance*

*company's liabilities to a beneficiary under an ERISA §*

*401(b)(2) guaranteed benefit policy are "plan assets."*

Defendant's argument regarding this second proposed question is brief. While it quotes the requisite standards, it provides no additional support for its position.  (See Motion, Dkt. [111], at 24 ("[T]here is 'substantial ground for difference of opinion' because it is 'difficult and of first impression' in the Eleventh Circuit and there is a split on this issue in the First Circuit."))  This argument is essentially that made in Part I.E of its Motion in reference to its motion for reconsideration.  As discussed above, the arguments raised with regard to this issue were raised during briefing on the motions for summary judgment and addressed in the Order [110].  This is, in essence, a claim that the Court's ruling was incorrect, which does not constitute a substantial ground for difference of opinion under § 1292(b).  See In re Scientific-Atlanta, Inc. Sec. Litig., No. 1:01-CV-1950-RWS, 2003 WL 25740734, at *1 (N.D. Ga. Apr. 15, 2003).  Thus, Defendant's Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b) is **DENIED** as to Defendant's second proposed question.

17

**II.    Motion to Stay Class Certification Briefing Deadlines**

In light of the Court's denial of Defendant's Motion [111], its Motion to Stay Class Certification Briefing Deadlines [112] is **DENIED as moot**. Additionally, the Court notes that Defendant has already filed its response to Plaintiff's Renewed Motion for Class Certification [113]. Plaintiff shall file her reply brief on or before February 13, 2017.

**Conclusion**

In accordance with the foregoing, Defendant Metropolitan Life Insurance Company's Motion for Reconsideration or, in the Alternative, Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b) [111] is **DENIED**. Its Motion to Stay Class Certification Briefing Deadlines [112] is **DENIED as moot**. In light of the filing of the Renewed Motion for Class Certification, the Clerk is **DIRECTED** to terminate the pending status of Plaintiff's original Motion for Class Certification [7].

**SO ORDERED**, this 11th day of January, 2017.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)