# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| LAURA A. OWENS, and JOSHUA R. SMITH, individually and on behalf of two classes of all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action File 2:14-cv-00074-RWS |
| METROPOLITAN LIFE INSURANCE COMPANY, | : : : | |
| Defendant. | : | |

## SETTLEMENT AGREEMENT FOR OWENS CLASS

This agreement, dated July 24, 2019, (the "Agreement") is made and entered into by and among Plaintiff Laura A. Owens, individually and as court-designated Class Representative (The "Representative Plaintiff"), and Defendant Metropolitan Life Insurance Company ("MetLife"), by and through their respective counsel, to settle and compromise the claims asserted by Representative Plaintiff on behalf of herself and the Settlement Class in the above-captioned Action, according to the terms and conditions herein and subject to approval by the above-captioned court (the "Court").

1

# I.   THE LITIGATION

## A.   Procedural Background

This Action is pending before the Honorable Richard W. Story in the United States District Court for the Northern District of Georgia. The initial complaint was filed on April 17, 2014, asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA") Sections 404(a) and 406(a) and (b) and a claim on behalf of a Georgia subclass under Georgia law.

## B.   Certification of the Class

By Order of September 29, 2017, the Court certified a class defined as follows:

> All [life] insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife that provide for payment in "one sum" for whom MetLife established a "Total Control Account" between April 18, 2008, and the date when the Court decides Ms. Owens' motion for class certification.   Expressly excluded from the class are beneficiaries under policies that, at the time of the insured's death, contained the statement in the policy certificate or an amendment to the policy certificate that expressly states that claims for benefits can be settled "by establishing an account that earns interest."

> The Georgia Subclass is hereby CERTIFIED as follows:

> All members of the Class as defined above who were residents of the State of Georgia at the time of their decedent's death or are the beneficiaries of insureds who were residents of the State of Georgia

2

at the time of their death.[1]

The Settlement Class is defined as follows:

> All life insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife that provide for payment in "one sum" for whom MetLife established a "Total Control Account" between April 18, 2008, and December 31, 2012. Expressly excluded from the class are beneficiaries under policies that, at the time of the insured's death, contained the statement in the policy certificate or an endorsement to the policy certificate that expressly states that claims for benefits can be settled "by establishing an account that earns interest."[2]

There are approximately 120,000 members of the Settlement Class (hereinafter "Class Members"). This Settlement Class is hereinafter denominated the "Settlement Class" or "Class." Nothing in this Agreement shall be construed in any fashion either directly or indirectly, as evidence or admission by MetLife that the Class was properly certified. The Settling Parties agree that the provisions herein

---

[1] Dkt. 151, p. 37.

[2] For purposes of this settlement, by agreement of the parties, a policy certificate is deemed to include this language as of the date that MetLife's records produced in this litigation indicate MetLife: (a) issued to the policyholder a rider that purported to amend or clarify the policy to include this language; or (b) included such language in a newly-issued certificate. In addition, based upon documents produced by MetLife and deposition testimony provided on its behalf, for all policies and customers for whom a specific rider or certificate has not been identified and produced to Plaintiffs as of March 31, 2019, all such policies are deemed to include this language (a) as of September 1, 2012, for all policies associated with customers MetLife categorizes as "National Accounts" or "Regional Market" accounts; and (b) as of December 31, 2012 for all policies associated with customers MetLife categorizes as "Local Market" accounts.

concerning certification of the Settlement Class shall have no effect whatsoever in the event that the Settlement does not become Final.

## II.    METLIFE'S DENIAL OF WRONGDOING AND LIABILITY

MetLife has denied, and continues to deny, the legal claims asserted in this Action, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the litigation and maintains that the claims in this Action have no merit. This Agreement is for settlement purposes only and shall have no precedential value in any future litigation. MetLife expressly denies any liability to any Class Member for any purpose and states that this Agreement was entered into solely for the purpose of settling and compromising disputed claims and to avoid the cost of litigation and for no other purpose. MetLife expressly preserves any and all defenses to any potential claims that are or may be filed by any non-settling Class Member.

## III.    BENEFITS OF SETTLEMENT TO THE CLASS

The Representative Plaintiff alleges that MetLife's settlement of life insurance benefits through the creation of a retained asset accounts known as a Total Control Accounts violated MetLife's alleged fiduciary duties under ERISA, constituted a prohibited transaction under ERISA, and violated Georgia

law.

Although the Representative Plaintiff believes her claims have merit, after discovery and extensive motion practice, she fully appreciates the strengths and weaknesses of the claims and the attendant risks and uncertain outcome of the Action. The Representative Plaintiff has also considered the expense and length of continued proceedings that would be necessary to prosecute the claims against MetLife through trial and appeal, as well as the difficulties and delays inherent in such litigation. Based on their evaluation of all of these factors, and following vigorous, arms-length negotiations, and mediation under the auspices of the Court, Class Counsel has determined that this Agreement confers substantial benefits upon the members of the Settlement Class and is fair, reasonable, and in the best interests of the Settlement Class.

## IV.    TERMS AND AGREEMENT OF SETTLEMENT

It is agreed by and among the Settling Parties, by and through their counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Agreement, as follows:

**1.     Definitions.**

As used in this Agreement, the following terms have the meaning specified below:

1.1.   "Action" means *Owens v. Metropolitan Life Insurance Company*, Case No. 2:14-CV-00074-RWS (N.D. Ga.).

1.2.   "Affiliated Entities" means MetLife and its affiliates, including but not limited to, affiliates of MetLife, the plans in the Settlement Class, and each of the plans' administrators, fiduciaries, and service providers.

1.3.   "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

1.4.   "Class Counsel" means John C. Bell, Jr. and Leroy W. Brigham of Bell & Brigham, Wm. Gregory Dobson and Michael J. Lober of Lober & Dobson, LLC, Jason J. Carter and Michael B. Terry of Bondurant, Mixson & Elmore, LLP, John W. Oxendine and Todd L. Lord.

1.5.   "Class Period" means April 18, 2008, through December 31, 2012.

1.6.   "Defendant" means MetLife.

1.7.   "Distribution Plan" means a plan or formula for allocating the Net Settlement Fund for distribution to the Settling Plaintiffs.  Class Counsel shall submit the Distribution Plan to the Court for approval and Defendant shall not

have any responsibility or liability with respect thereto.

1.8. "Effective Date," or the date upon which the Settlement becomes "effective," means either the date on which the Judgment substantially in the form of Exhibit A to this Agreement becomes Final or the date on which the Smith Class Settlement becomes Final, both of which being necessary for this Settlement to become effective, whichever occurs later.

1.9. "Exhibit" or "Exhibits" means the exhibits attached to this Agreement.

1.10. "Final" means, with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any Party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the period after which the Final Order becomes Final is thirty-five (35) calendar days after its entry by the Court.

7

1.11. "Net Settlement Fund" means the Settlement Fund less any amount(s) deducted in accordance with the provisions of this Agreement.

1.12. "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated organization, and any other type of legal entity, and their spouses, heirs, successors, predecessors, representatives or assigns.

1.13. "Released Claims" means any and all claims (including but not limited to "Unknown Claims"), demands, losses, rights, appeals, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by the Representative Plaintiff, the Settling Plaintiffs, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Parties, which (a) arise out of, are based on, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action, or which could have been alleged in the Action, (b) arise out of, are based on, or relate to or pertain to the establishment and/or use of Total Control

8

Accounts to settle claims for insurance, including but not limited to, the creation of Total Control Accounts, the interest paid on Total Control Accounts, the investment of funds related to the Total Control Accounts, and the earning or retention of profits from the Total Control Accounts, or (c) are otherwise deemed released in accordance with the provisions of this Agreement. Released Claims include, but are not limited to, all claims, actions, rights or causes of action arising under statutory or common law that were raised or could have been raised in this litigation, including, without limitation, any violation of ERISA or state law (including but not limited to any Georgia state law claim, which includes but is not limited to any claim under O.C.G.A. § 33-25-10 or O.C.G.A. § 33-38-1, *et seq.*); any intentional wrongdoing; any fraud, misrepresentation or negligent misrepresentation; any breach of fiduciary duty; any breach of contract; any breach of the duty of good faith and/or fair dealing; any prohibited transactions; and includes any claims for damages, profits, interest, accounting for profits, unjust enrichment, attorneys' fees, punitive damages, or equitable relief. Released Claims does not, however, include claims to enforce this Agreement. For the avoidance of doubt, this Settlement shall not release the claims of any Class Member under any insurance policies unrelated to this case.

 1.14. "Released Parties" means MetLife and its past, present, and future

parents, subsidiaries, divisions, affiliates, predecessors, successors, insurers, stockholders, joint ventures, benefit plans, benefit plan sponsors, fiduciaries, administrators and service providers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, trustees, trustors, agents, attorneys, professionals, and any of their legal representatives, the fiduciaries, administrators, sponsors, recordkeepers, service providers, and parties in interest of each life insurance plan whose beneficiaries are included among the Settling Plaintiffs, and the predecessors, heirs executors, administrators, successors, and assigns of each of the foregoing.

1.15. "Settlement" means the settlement embodied in this Agreement.

1.16. "Settlement Administrator" means American Legal Claims, agreed to by the Settling Parties and approved by the Court to perform the settlement administration duties described in this Agreement.

1.17. "Settlement Amount" means seventy-five million dollars ($75,000,000).

1.18. "Smith Class Settlement" means the settlement of the class set forth in the proposed Amended Complaint and denominated therein as "The Smith Class." Defendant's agreement and obligation to pay the Settlement Amount

10

under this Agreement is conditioned on Final court approval of the Smith Class Settlement, under the terms and conditions set forth in that agreement. No disbursements from the Settlement Fund shall be made unless and until such court approval of the Smith Class Settlement is Final. In the event that court approval of the Smith Class Settlement does not become Final, all amounts in the Settlement Fund shall be returned to Defendant in accordance with Paragraph 10.4.

1.19. "Settlement Fund" means a cash fund in the amount of the Settlement Amount funded by MetLife and held by the Settlement Administrator or other designated escrow agent subject to judicial oversight for purposes of making payments pursuant to this Agreement and any Distribution Plan.

1.20. "Settling Parties" means MetLife, the Representative Plaintiff and Settling Plaintiffs.

1.21. "Settling Plaintiffs" means plaintiff Laura A. Owens, and any members of the Class who have not made a valid and timely request for exclusion.

1.22. "Total Control Account" means a retained asset account used to settle group life insurance benefits under MetLife policies provided to employee benefit plans.

1.23. "Unknown Claims" means any and all claims, demands, rights,

liabilities, and causes of action of every nature and description which the Representative Plaintiff or Settling Plaintiffs do not know, have reason to know, or suspect to exist in his, her, or its favor at the time of their release of the Released Claims, and including, without limitation, those which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the settlement or the releases. With respect to any and all Released Claims, the parties shall stipulate and agree that, upon the Effective Date, the Representative Plaintiff shall expressly waive, and each of the Settling Plaintiffs shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Representative Plaintiff, Class Counsel, and Defendant acknowledge, and the Settling Plaintiffs, by operation of the Judgment, shall be deemed to have acknowledged that the waivers contained in this paragraph, and the inclusion of

"Unknown Claims" in the definition of Released Claims, were separately bargained for and are material elements of the settlement.

**2.      Preliminary Approval**

2.1.  Within seven (7) business days after execution of this Settlement Agreement, the Plaintiff shall file a motion for preliminary approval of class settlement, with a proposed Order granting Preliminary Approval of the Settlement and Providing for Notice (the "Preliminary Approval Order"), substantially in the form of Exhibit B to this Agreement that:

2.1.1.  Preliminarily approves the settlement as set forth herein, subject to further hearing and determination under Fed.R.Civ.P. 23(e);

2.1.2.  Provides for written notice substantially in the form of Exhibit C hereto ("Settlement Notice"), which shall include the general terms of the Settlement set forth in this Agreement, any Distribution Plan, the general terms of any fee and expense application by Class Counsel (the "Fee and Expense Application"), and the date of the Final Approval Hearing as defined below;

2.1.3.  Directs the Settlement Administrator to mail or email the Settlement Notice to members of the Class;

2.1.4.  Finds that the mailing pursuant to this Agreement constitutes

the best notice practicable under the circumstances, and that the Settlement Notice fully satisfies the requirements of due process and the Federal Rules of Civil Procedure;

2.1.5. Schedules a hearing to be held by the Court to determine whether the proposed Settlement should be granted final approval and to consider Class Counsel's application for fees and expenses and awards to the Representative Plaintiff (the "Final Approval Hearing");

2.1.6. Provides that any objection to the proposed Settlement and any papers submitted in support of said objection shall be received and considered by the Court at the Final Approval Hearing only if the objection is filed with the Clerk of the Court within thirty (30) calendar days following the mailing of the notice to Class Members.

2.1.7. Provides that the Released Claims of all Settling Plaintiffs shall be barred as of the entry of judgment;

2.1.8. Approves the Form of CAFA Notices attached as Exhibit D and order that upon the Settlement Administrator's mailing of the CAFA notices, MetLife shall have fulfilled its obligations under CAFA; and

2.1.9. Provides that the Final Approval Hearing may be continued from time to time by Order of the Court, and without further notice to the

14

Class.

### 3. Notice, Objections, Opt Out Deadline and Final Approval Hearing

3.1. It shall be solely Class Counsel's responsibility, in concert with the Settlement Administrator, to ensure that the Settlement Notice is disseminated to the Class in accordance with this Agreement and as ordered by the Court. Class Members shall have no recourse as to Defendants or the Released Parties with respect to any claims they may have that arise from any failure of the Settlement Administrator or Class Counsel to follow proper notice procedures.

3.2. MetLife will provide a spreadsheet containing the name, last known address and social security number of each class member to the Settlement Administrator and Class Counsel within five (5) calendar days after the entry of the Preliminary Approval Order. Class Counsel and the Settlement Administrator will maintain the information on the spreadsheet pursuant to the Consent Confidentiality and Protective Order entered in the Action.

3.3. Within twenty-five (25) calendar days of the entry of the Preliminary Approval Order, the Settlement Administrator will send the Settlement Notice to all Class Members (a) by first class U.S. mail to the person's last known address, or (b) by email to the last known email address, as those addresses appear in records provided by MetLife, as updated by the Settlement Administrator.

15

3.4.   A website shall also be established by the Settlement Administrator, working with Class Counsel, where documents and court orders related to the Settlement and other pertinent information may be posted for the Class to view. In addition, the Settlement Administrator shall establish a toll-free telephone number to answer questions regarding the Settlement.

3.5.   Members shall have thirty (30) calendar days from the date that the Settlement Notice is mailed to object to any aspect of this Agreement (the "Objection Deadline").

3.6.   A Class Member who submits an objection must, within thirty (30) days after the Objection Deadline, submit a written objection that includes: the objector's name and address, the basis for the objection, all arguments and authority supporting the objection, and any evidence supporting the objection. The objection shall also state whether the Class Member is represented by an attorney, and if so, the attorney's name.  If represented by counsel, the attorney for the objector shall disclose:

3.6.1.   The number of times in which the objector's counsel and the counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a

copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each case;

3.6.2.  If the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;

3.6.3.  Any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

3.6.4.  A description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented.

17

3.7.   An objection will be deemed submitted and will be considered by the Court only if it is filed with the Court by the Objection Deadline set forth in the Settlement Notice.  It is the responsibility of the objector to ensure proper filing so as to make certain that the objection is timely received by the Court.

3.8.   The objecting Class Member must also provide a statement whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. If the objector intends to appear at the Final Approval Hearing through counsel, his/her/its counsel must file a notice of appearance with the Court no later than thirty (30) business days before the hearing and shall cooperate fully in scheduling the objector's deposition.

3.9.   If a Class Member wishes to be excluded from the Settlement Class and this Settlement, that Class Member is required to submit to the Administrator at the address listed in the Notice, a written, signed, and dated statement that he or she is opting out of the Class and understands that he or she will receive no money from the Settlement of this Action. To be effective, this opt-out statement (i) must be received by the Administrator by the Opt Out Deadline set forth in the Settlement Notice approved by the Court, (ii) include the Class Member's name and last four digits of his or her social security number, and (iii) must be personally signed and dated by the Class Member. The Administrator will, within

18

ten (10) calendar days of receiving any opt-out statement, provide counsel for the Parties with a copy of the opt out statement. The Administrator will, at least seven (7) calendar days before the Final Approval Hearing, file copies of all opt-out statements with the Court. The Settlement Class will not include any individuals who send timely and valid opt-out statements, and individuals who opt out are not entitled to any monetary award under this Settlement or to object to the Settlement.

3.10. By the date and in the manner set by the Court in the Preliminary Approval Order, and unless otherwise set forth below, the Settlement Administrator shall have prepared and provided CAFA notices to the Attorney General of the United States, the Secretary of the Department of Labor, and the Attorneys General of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715, within ten (10) calendar days of Class Representatives' filing of the Settlement Agreement and proposed Preliminary Order.  Subject to Court approval, the costs of such notice shall be paid by MetLife.

## 4. Final Judgment and Order of Dismissal

4.1. Upon approval by the Court of the Settlement, and not less than 90 days after the notices served pursuant to 28 U.S.C. § 1715, a Final Judgment shall be entered by the Court, substantially in the form of Exhibit A hereto, which

shall:

4.1.1.  Approve the Settlement embodied in this Agreement as fair, reasonable and adequate to the Settling Plaintiffs;

4.1.2.  Adjudge that the form and methods of notifying the Class Members of the terms and conditions of the proposed Agreement meet the requirements of Rule 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Final Approval Hearing and the rights of all Class Members have been provided to all people, powers, and entities, entitled thereto;

4.1.3.  Dismiss the Action against MetLife with prejudice and without costs to the parties;

4.1.4.  Adjudge that, pending final determination of whether the Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties;;

4.1.5.  Include an order on Class Counsel's Fee and Expense Application and for an award to the Representative Plaintiff;

4.1.6. Reserve jurisdiction, without affecting the finality of the judgment entered, with regard to implementation of this Settlement, disposition of the Settlement Fund and enforcing and administering the Settlement.

4.1.7. Find that all applicable CAFA requirements have been satisfied.

## 5.    The Settlement Payment

5.1.   The Settlement Amount shall be $75,000,000.00 (seventy-five million dollars).

5.2.   Within ten (10) business days of the entry of the Preliminary Approval Order, Class Counsel shall provide to Defendant all information necessary to effectuate a transfer of the Settlement Amount to the Settlement Fund, including the bank name and ABA routing number, account name and number, and a signed W-9 reflecting the taxpayer identification number for the Settlement Fund.

5.3.   Within twenty-one (21) calendar days of entry of the Preliminary Approval Order, MetLife shall transfer or caused to be transferred $500,000 to the Settlement Administrator or other designated escrow agent to be held in escrow pending final approval of the Settlement. The Settlement Fund shall be held

in escrow for purposes of making payments pursuant to this Agreement and the Preliminary Approval Order.

5.4.  Within ten (10) calendar days of the Effective Date, MetLife shall transfer or caused to be transferred the balance of $74,500,000 to the Settlement Administrator or other designated escrow agent to be held in escrow pending final approval of the Settlement.   The Settlement Fund shall be held in escrow for purposes of making payments pursuant to this Agreement, any Distribution Plan and the Preliminary Approval Order.

5.5.  MetLife's transfer of the Settlement Amount to the Settlement Fund shall be consideration for full and complete settlement and release of all of the Released Claims.

5.6.  Other than the obligation to transfer or cause to be transferred the Settlement Amount to the Settlement Fund, neither Defendant nor Defendant's Released Parties shall have any obligation to make any other payment to the Settlement Fund, the Settlement Administrator, Class Counsel, the Representative Plaintiff, or Settling Plaintiffs pursuant to this Agreement.

## 6.    Settlement Fund & Escrow Account

6.1.  Pursuant to this Agreement, an escrow account shall be created under the control of the Settlement Administrator or other designated escrow agent,

subject to judicial oversight by this Court for the purpose of making payments to members of the Settlement Class according to the terms of this Agreement.

6.2. All risks related to the distribution of the Settlement Fund in accordance with any Distribution Plan shall be borne by the Settlement Fund, and neither Defendant nor Released Parties shall bear any responsibility for, interest in, or liability whatsoever with respect to distribution decisions or the actions of the Settlement Administrator, or any transactions executed by the Settlement Administrator. The Representative Plaintiff and the Settling Plaintiffs release Defendant and Released Parties completely from any action, disputes, or liability with respect to the distribution, management, investment, or any other activities of the Settlement Administrator or any other Person involving any amounts held in the Settlement Fund.

6.3. The Settling Parties agree that the Settlement Fund is intended to be a "Qualified Settlement Fund" ("QSF") under Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1, 26 CFR § 1.468B-1, *et seq.,* and will be administered by the Settlement Administrator as such.

6.4. With respect to the QSF, the Settlement Administrator shall:

6.4.1. open and administer a settlement account in such a manner as to qualify and maintain the qualification of the QSF under Section 468B of

23

the Internal Revenue Code and Treas. Reg. § 1.468B-1;

6.4.2. satisfy all federal, state and local income and other tax reporting, return, and filing requirements with respect to the QSF and any interest or other income earned by the QSF; and

6.4.3. satisfy out of the QSF all (i) taxes, including any estimated taxes, interest or penalties, with respect to the interest or other income earned by the QSF, and (ii) fees, expenses and costs incurred in connection with the opening and administration of the QSF and the performance of its duties and functions as described in this Agreement.

6.5. The aforementioned taxes, fees, costs and expenses shall be treated as and included in the costs of administering the QSF and as administration costs, and all costs and expenses associated with all administrative, accounting, and tax compliance activities of the Settlement Fund shall be deducted from the Settlement Fund.

6.6. The Settling Parties and the Settlement Administrator shall treat the QSF as coming into existence on the earliest date permitted as set forth in 26 CFR § 1.468B-1(j)(2)(i), and such election statement, which shall be prepared by the Settlement Administrator and executed by Defendant and the Settlement Administrator, shall be attached to the appropriate returns as required by 26 CFR

24

§ 1.468B-1(j)(2)(ii). The Settling Parties agree to cooperate with the Settlement Administrator and with one another to the extent reasonably necessary to carry out the provisions of this section. The Settlement Administrator shall indemnify MetLife for any penalty arising out of any error or incorrect calculation and/or interest with respect to any late deposit of the same.

### 7.    Costs, Expenses, Fees and Service Award

7.1.  All costs associated with the printing and mailing of the Settlement Notice and any other tasks reasonably undertaken by the Settlement Administrator before Entry of the Final Judgment and Order of Dismissal, regardless of whether the agreement becomes final, shall be deducted from the Settlement Fund. Any amounts spent pursuant to this provision shall not be subject to reimbursement to MetLife.

7.2.  Class Representative Service Awards: The Representative Plaintiff, through her undersigned counsel, shall be entitled to apply to the Court for an award from the Settlement Fund of up to $25,000 for her participation in the Action and her service to the Settlement Class ("the Class Representative Service Award"). MetLife shall not oppose or appeal such application.

7.3.  Attorneys' Fee & Expense Award:  Class Counsel shall be entitled to apply to the Court for an award from the Settlement Fund not to exceed one third

of the Settlement Fund (i.e., not to exceed a total of $25,000,000) to (i) reimburse Class Counsel for costs and expenses they incurred in researching, preparing for, and litigating this Action, and (ii) pay attorneys' fees (the "Fee & Expense Award"). MetLife agrees not to oppose or appeal any such application. The Fee & Expense Award shall constitute full satisfaction of any obligation on the part of MetLife to pay any person, attorney, or law firm for costs, litigation expenses, attorneys' fees, or any other expense incurred on behalf of Plaintiff or the Class.

7.4.  Prior to distribution of any monies to Class Members, the Settlement Administrator shall pay the following expenses out of the Settlement Fund:

7.4.1.  All notice costs, costs associated with payment of the settlement proceeds, and Settlement Administrator fees. Notice costs shall include, *inter alia,* printing and mailing of the class settlement notice.

7.4.2.  Reimbursement of Class Counsel's reasonable costs and expenses in such sum as the Court approves.

7.4.3.  Class Counsel's fees and class representative payments in such sum as the Court approves.

7.5.  Any award of attorneys' fees and expenses to Class Counsel shall be paid solely from the Settlement Fund. MetLife shall have no responsibility for payment of such fees or expenses. The fairness and reasonableness of the

settlement will be determined without regard to the payment of attorneys' fees and expenses, and no objection, motion, or appeal with respect to such fees or expenses shall affect the finality of any judgment approving the settlement or any release related thereto. MetLife will take no position on attorneys' fees and expenses of Class Counsel as long as the amount sought does not exceed one third of the Settlement Fund. Any attorneys' fees and expenses judicially awarded to Class Counsel shall be paid to Class Counsel no later than fifteen (15) business days after the Effective Date.

7.6.  Provided that this settlement receives the Court's final approval, any change in law arising after June 1, 2019, will not be relied upon by any party as a basis for refusing to carry out the terms of the Settlement set forth herein.

**8.    Release**

8.1.  Upon the Effective Date, the Representative Plaintiff and each of the Settling Plaintiffs shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against Defendant and Released Parties (including Unknown Claims). Claims to enforce the terms of this Agreement are not released.

8.2.  Upon the Effective Date, all Settling Plaintiffs and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from

commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against the Defendant and Released Parties.

8.3. Upon the Effective Date, if any Settling Plaintiff or Representative Plaintiff maintains a balance in any Total Control Account, MetLife and its Affiliated Entities can continue to maintain, operate, and administer Total Control Accounts, including investing funds, earning and retention of profits on those investments, and paying interest on those funds, as Defendant and its Affiliated Entities see fit. Aside from whatever funds they are entitled to under the terms of the Settlement Agreement, Class Members are not entitled to any monies, profits or interest beyond the funds credited to their Total Control Accounts and the interest that is actually paid on the Total Control Account balances in accordance with the applicable Customer Agreement and any related administrative agreement, privacy notices, policies, certificates, or other related documents. Pursuant to the terms of the applicable Customer Agreements, any Total Control Account holder may choose to close the Total Control Account at any time or keep it open. For the avoidance of doubt, all claims relating to the settlement or payment of benefits via retained asset account, including but not limited to all

28

claims relating to the provision and administration of any Total Control Accounts that maintain a balance after the Effective Date, including any claims related to the payment of benefits or interest thereunder, shall be deemed Released Claims.

8.4. No Class Member shall have any claim against Class Counsel, the Settlement Administrator, Defendant's counsel, or Defendant or its Affiliated Entities based upon any distribution made substantially in accordance with this Agreement or further orders of the Court.

8.5. In agreeing to seek certification of a class for settlement purposes only, Defendant expressly reserves and will not be deemed to waive its procedural and substantive objections to certification of any class for any other purposes, including during trial and/or in any appeals.

8.6. Except as expressly provided for, each party will bear its own costs and fees.

## 9.    Distribution of the Settlement Fund

9.1. Within ten (10) business days of the deposit of the Settlement Amount by the Settlement Fund, the Settlement Administrator shall pay the estimated costs associated with dissemination of the class notice from the Settlement Fund to the Settlement Administrator, upon approval by Class Counsel.

9.2. Within fifteen (15) business days of the Effective Date, the Settlement

29

Administrator shall pay any attorneys' fees and expenses awarded by the Court's final approval order.

9.3.   Within fifteen (15) business days of the Effective Date, the Settlement Administrator shall pay any Class Representative payments awarded by the Court's final approval order.

9.4.   Within fifteen (15) business days of the Effective Date, the Settlement Administrator shall pay any remaining Settlement Administrator fees awarded by the Court's final approval order.

9.5.   No later than thirty (30) calendar days after the Effective Date, the Settlement Administrator will distribute to each Settling Plaintiff by check that Settling Plaintiff's share of the Net Settlement Fund as determined by the Distribution Plan.  Each check shall state on its face that the check will become void if not cashed or deposited within one hundred twenty (120) calendar days of the date of issue of the check.

9.6.   The Settlement Administrator shall endeavor to locate Settling Plaintiffs whose settlement checks are returned as undeliverable, and then to mail new checks to each of these Settling Plaintiffs whom the Administrator is able to locate.

9.7.   The Settlement Administrator shall send a reminder letter to those

30

whose checks have not been negotiated within fifty (50) calendar days from the date of issuance that reminds the Settling Plaintiff that the check will become void if not promptly negotiated.

9.8.   After at least one hundred and twenty (120) calendar days have passed from the date of mailing of the last checks, the Settlement Administrator shall calculate the net amount of unclaimed funds, prorate those funds among those Settling Plaintiffs whose checks have been negotiated based upon the formula set forth in the Distribution Plan, and mail checks to those Settling Plaintiffs in the newly prorated amount, with each check deemed to be void if not negotiated within sixty (60) calendar days of the date of issuance. All funds remaining after this second mailing will be deemed Unclaimed Funds. Unclaimed Funds will be first used to cover unforeseen administration or Class Counsel costs with the remaining to be distributed as ordered by the Court under the *cy pres* doctrine. No unclaimed, undelivered or uncashed funds will revert to MetLife.

**10.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination.**

10.1. MetLife shall have the option, in its sole discretion, to terminate this Settlement and render it null and void in the event that the number of Class Members excluding themselves as Settling Plaintiffs exceed one percent of the total number of Class Members.   MetLife shall give written notice to class

31

counsel of its decision to exercise this right to terminate within ten (10) calendar days after the Opt-Out Deadline.

10.2. If the Effective Date does not occur, if the conditions of Settlement set forth in this Agreement are not satisfied, if the Court does not enter the Judgment provided for in this Agreement, or if the Court enters the Judgment and appellate review is sought and on such review such Judgment is materially modified or reversed, or, if one or more of the terms of the Settlement Agreement is not approved or the Judgment with respect to one or more of such terms is materially modified or reversed, then this Agreement shall be canceled and terminated unless the Parties can agree within twenty (20) calendar days to amend this Agreement in such a manner as to resolve such issue.

10.3. If the Effective Date does not occur, or if this Agreement is terminated or canceled pursuant to its terms, the Parties to this Agreement shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Agreement except in respect to any monies expended pursuant to Court Order.

10.4. In the event that the Effective Date does not occur or this Settlement is disapproved, canceled, or terminated, the Settlement Administrator or other escrow agent shall return the Settlement Fund, less any non-reimbursable amounts

32

previously spent pursuant to Court Order, to MetLife within ten (10) business days of such disapproval, cancellation, or termination.

10.5. No ruling by the Court denying in whole or part the requests by the Plaintiff and Class Counsel for awards, costs and/or fees will be grounds for cancellation or termination of this Agreement.

10.6. CAFA notice will be served timely on the appropriate officials by the Settlement Administrator as provided in Paragraph 3.10.

## 11.   Taxes

11.1. The Parties make no representation as to any tax consequences of this Agreement.

11.2. Although the Parties and Settlement Administrator make no representation as to taxes, the Settlement Administrator will be responsible for reporting distributions larger than $600.00 in a particular year on a 1099-MISC as Other Income.

11.3. Each Class Member will be responsible for any tax consequences arising from, related to, or any way connected with the relief afforded to him, her or it under this Agreement.

11.4. Payments mailed to Class Members shall be accompanied by a notice advising Class Members to consult with a tax advisor regarding the potential tax

consequences of this Agreement.

### 12. Press Release/Non-Disparagement.

12.1. The parties shall not issue any press release regarding the Settlement prior to filing of Settlement papers with the Court.

12.2. If there is a need for any press release after the filing of Settlement papers with the Court, MetLife's counsel shall draft such press release, subject to review and approval by Class Counsel, which approval shall not be unreasonably withheld. The Parties intend that there be no unnecessary publicity regarding the Settlement.

12.3. Class Counsel shall not disparage the business or reputation of MetLife, nor shall they mischaracterize the Settlement Agreement or any of its terms.

### 13. Miscellaneous Provisions.

13.1. The parties hereto agree to cooperate to the extent necessary to effectuate all terms and conditions of this Agreement.

13.2. All exhibits attached hereto are hereby incorporated by this reference as though fully set forth herein.

13.3. The Parties agree that the consideration provided to the Settlement Class and the other terms of the Agreement were negotiated in good faith by the

Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

13.4. The Parties intend the Agreement to be a final and complete resolution of all disputes between them with respect to the Action. The Agreement compromises claims that are contested and will not be deemed an admission by any Party as to the merits of any claim, defense, or the certifiability of any class.

13.5. This Agreement may be amended or modified only by written instrument signed by all parties or their successors in interest.

13.6. This Agreement and the exhibits attached hereto constitute the entire agreement between the Settling Plaintiffs and MetLife. The exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

13.7. No party shall assert or pursue any action, claims or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure.

13.8. Each counsel or other person executing this Agreement or any of its exhibits on behalf of any Party hereby warrants that such person has the full authority to do so.

13.9. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

35

13.10. All of the terms of this Agreement shall be governed by and interpreted in accordance with the laws of the United States and the State of Georgia.

13.11. All parties shall use their best efforts to perform all of the terms of this Agreement and to execute all documents necessary to carry out its purpose and effect.

13.12. Except as expressly provided for in this Agreement, each party will bear its own costs and fees.

13.13. This Agreement shall be considered to have been negotiated, executed, and delivered in the State of Georgia, and its terms shall be construed in accordance with, and governed by, the internal, substantive laws of Georgia without giving effect to its choice-of-law principles. The parties agree that the U.S. District Court for the Northern District of Georgia shall retain jurisdiction over the Action for settlement purposes with respect to (a) matters relating to the approval of the settlement, the approval of any requests for attorney's fees and expenses, the approval of any plaintiff service award, and ruling on any opt-out requests; (b) the administration of the Settlement; and (c) such matters as to which continuing jurisdiction is required to effectuate the Settlement. Subject to the foregoing and the provisions of this paragraph, however, the parties agree that

any litigation brought separately by any Class Member after this settlement has become final and fully executed that addresses the Class Member's individual rights and obligations arising out of this Settlement Agreement shall be litigated, if necessary, in the state or federal courts of the State of Georgia, and the parties each agree to submit to personal jurisdiction in the State of Georgia and to venue in Hall County, Georgia for purposes of any such litigation.

13.14. None of the Parties, or their respective counsel, will be deemed the drafter of this Agreement or its exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Parties as the drafter thereof.

13.15. Neither this Agreement, nor any document referred to herein, nor any action taken to carry out this Agreement, is or may be construed as either a finding by the Court or an admission by MetLife of any fault, wrongdoing or liability whatsoever.

13.16. MetLife may file this Agreement or any order and final judgment related to this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other

theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.17. The negotiations during the mediation and creation of this Agreement are confidential except to the extent disclosure is required by law or a court, or to enforce or effectuate its items.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized attorneys, as of the day and year first set forth.

This 24th day of July, 2019.

Laura A. Owens

Name: Howard Kransky 7/25/19
Title:

On behalf of Metropolitan Life Insurance Company

John C. Bell, Jr.
Georgia Bar No. 048600
Lee W. Brigham
Georgia Bar No. 081698
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014

Michael A. Caplan
Georgia Bar No. 601039
CAPLAN COBB LLP
75 Fourteenth Street, N.E.
Suite 2750
Atlanta, GA 30309
(404) 596-5600

Michael B. Terry
Georgia Bar No. 702582
Jason J. Carter
Georgia Bar No. 141669

Jeremy P. Blumenfeld
(admitted *pro hac vice*)
Morgan, Lewis & Bockius, LLP
1701 Market Street

BONDURANT MIXSON &
ELMORE, LLP
1201 West Peachtree Street, NW,
Suite 3900
Atlanta, GA 30309
(404) 881-4100

Wm. Gregory Dobson
Georgia Bar No. 237770
Lober & Dobson, LLC
East Lafayette Square, Ste 107
Lafayette, GA 30728

Michael J. Lober
Georgia Bar No. 455580
Lober & Dobson, LLC
3150 Overland Drive
Roswell, GA 30075

John W. Oxendine
Georgia Bar No. 558155
4370 Peachtree Road, NE
Atlanta, GA 30319

Todd L. Lord
Georgia Bar No. 457855
PO Box 901
Cleveland, GA 30528

Attorneys for Plaintiff

Philadelphia, PA 19103-2911
(215) 963-5258

Melissa D. Hill
(admitted *pro hac vice*)
Gina F. McGuire
(admitted *pro hac vice*)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178-0060

Attorneys for Defendant

*EXHIBIT A*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| LAURA A. OWENS and JOSHUA R. SMITH, individually and on behalf of two classes of all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action File 2:14-cv-00074-RWS |
| METROPOLITAN LIFE INSURANCE COMPANY, | : : : | |
| Defendant. | : : | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter having come before the Court on the application of the parties for final approval of the Settlement set forth in the Settlement Agreement, dated July ___, 2019, for the Owens Class ("Owens Class Agreement") (Dkt. ____), and the Owens Distribution Plan (Dkt.____), and for final approval of the Settlement set forth in the Settlement Agreement, dated July ___, 2019, for the Smith Class ("Smith Class Agreement") (Dkt. ____), and the Smith Distribution Plan (Dkt. ____), and due and adequate notice having been given to the Class,[1] and the Court

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

having considered all papers filed and proceedings had herein and otherwise being duly informed in the premises and good cause appearing therefore, it is this ____ day of _____, 2019, ORDERED, ADJUDGED AND DECREED THAT:

1.  This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the two Classes.

2.  The mailing of individual notice to each individual class member as specified in this Court's prior orders satisfies Federal Rule of Civil Procedure 23, any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Final Approval Hearing and the rights of all Class Members have been provided to all people, powers, and entities, entitled thereto.

3.  Pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., notice was provided to the Attorneys General for each of the states in which a Settlement Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor. All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., have been met.

4.  As to the Owens Class, _____ class members filed a formal objection to the Settlement and _____ class members appeared at the hearing to object to the

-2-

Settlement.

5.  Members of the Owens Class had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6.  As to the Smith Class, _____ class members filed a formal objection to the Settlement and _____ class members appeared at the hearing to object to the Settlement.

7.  Members of the Smith Class had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

8.  Each and every Objection to the settlement is overruled with prejudice.

9.  The motions for final approval of the Owens Class and the Smith Class Settlement Agreements are hereby GRANTED, the settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

10. The Court hereby approves the Settlements set forth in the Settlement Agreements and in the Distribution Plans for each Class, and finds that said

Settlements, Settlement Agreements and Distribution Plans are in all respects, fair, reasonable and adequate to all members of the Settlement Classes that include:

### Owens Class

All life insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife that provide for payment in "one sum" for whom MetLife established a "Total Control Account" between April 18, 2008, and December 31, 2012. Expressly excluded from the class are beneficiaries under policies that, at the time of the insured's death, contained the statement in the policy certificate or an endorsement to the policy certificate that expressly states that claims for benefits can be settled "by establishing an account that earns interest."[1]

### Smith Class

All life insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife that provide for

---

[1] For purposes of this settlement, by agreement of the parties, a policy certificate is deemed to include this language as of the date that MetLife's records produced in this litigation indicate MetLife: (a) issued to the policyholder a rider that purported to amend or clarify the policy to include this language; or (b) included such language in a newly-issued certificate. In addition, based upon documents produced by MetLife and deposition testimony provided on its behalf, for all policies and customers for whom a specific rider or certificate has not been identified and produced to Plaintiffs as of March 31, 2019, all such policies are deemed to include this language (a) as of September 1, 2012, for all policies associated with customers MetLife categorizes as "National Accounts" or "Regional Market" accounts; and (b) as of December 31, 2012 for all policies associated with customers MetLife categorizes as "Local Market" accounts.

payment in "one sum" for whom MetLife established a "Total Control Account" (a) between January 1, 2013 and March 31, 2019; and (b) between April 18, 2008 and December 31, 2012 for all policies that, at the time of the insured's death, contained the statement in the policy certificate or an endorsement to the policy certificate that expressly states that claims for benefits can be settled "by establishing an account that earns interest."[2]

11.    The members of the Settlement Classes (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors and assigns) who did not make a valid and timely request for exclusion from their respective Classes, shall be deemed conclusively to have released any and all Released Claims.    "Released Claims" means any and all claims (including but not limited to "Unknown Claims"), demands, losses, rights, appeals, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in

---

[2] For purposes of this settlement, by agreement of the parties, a policy certificate is deemed to include this language as of the date that MetLife's records produced in this litigation indicate MetLife: (a) issued to the policyholder a rider that purported to amend or clarify the policy to include this language; or (b) included such language in a newly-issued certificate.  In addition, based upon documents produced by MetLife and deposition testimony provided on its behalf, for all policies and customers for whom a specific rider or certificate has not been identified and produced to Plaintiffs as of March 31, 2019, all such policies are deemed to include this language (a) as of September 1, 2012, for all policies associated with customers MetLife categorizes as "National Accounts" or "Regional Market" accounts; and (b) as of December 31, 2012 for all

any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by the Representative Plaintiffs, the Settling Plaintiffs, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Parties, which (a) arise out of, are based on, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action, or which could have been alleged in the Action, (b) arise out of, are based on, or relate to or pertain to the establishment and/or use of Total Control Accounts to settle claims for insurance, including but not limited to, the creation of Total Control Accounts, the interest paid on Total Control Accounts, the investment of funds related to the Total Control Accounts, and the earning or retention of profits from the Total Control Accounts, or (c) are otherwise deemed released in accordance with the provisions of the Settlement Agreement.  Released Claims include, but are not limited to, all claims, actions, rights or causes of action arising under statutory or common

---

policies associated with customers MetLife categorizes as "Local Market" accounts.

law that were raised or could have been raised in this litigation, including, without limitation, any violation of ERISA or state law (including but not limited to any Georgia state law claim, which includes but is not limited to any claim under O.C.G.A. § 33-25-10 or O.C.G.A. § 33-38-1, *et seq*.); any intentional wrongdoing; any fraud, misrepresentation or negligent misrepresentation; any breach of fiduciary duty; any breach of contract; any breach of the duty of good faith and/or fair dealing; any prohibited transactions; and includes any claims for damages, profits, interest, accounting for profits, unjust enrichment, attorneys' fees, punitive damages, or equitable relief. Released Claims does not, however, include claims to enforce the Settlement Agreement. For the avoidance of doubt, the Settlement Agreement shall not release the claims of any Class Member under any insurance policies unrelated to this case.

12.   Pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties.

13.   Class Counsel, the Class Representatives, or the Class Members who did

not make a valid and timely request for exclusion from their respective
Classes may hereafter discover facts in addition to or different from those
that they know or believe to be true with respect to the Released Claims.
Such facts, if known by them, might have affected the decision to settle with
the Defendant and the Released Parties or the decision to release, relinquish,
waive, and discharge the Released Claims, or might have affected the
decision of a Class Member not to object to the Settlement. Notwithstanding
the foregoing, each Class Representative and Class Member who did not
make a valid and timely request for exclusion from their respective Classes
has hereby fully, finally and forever settled, released, relinquished, waived
and discharged any and all Released Claims, and each Class Representative
and Class Member who did not make a valid and timely request for
exclusion from their respective Classes has hereby acknowledged that the
foregoing waiver was bargained for separately and is a key element of the
Settlement embodied in the Settlement Agreement of which this release is a
part.

14.   In the Owens Class, the application by Class Counsel for reimbursement of
      expenses and reasonable attorneys' fees is granted.   Attorneys' fees and

expense reimbursement in an amount of $_____ are hereby found to be reasonable and are awarded to Class Counsel. Class Counsel shall recover such fees and expenses from the Settlement Fund as and in the manner described in the Settlement Agreement. The Court finds that $_____ shall be paid the named Plaintiff and Class Representative, Laura A. Owens, as an incentive award for her efforts in prosecuting this case. These awards shall be paid from the Settlement Fund as and in the manner described in the Settlement Agreement.

15.  In the Smith Class, the application by Class Counsel for reimbursement of expenses and reasonable attorneys' fees is granted. Attorneys' fees and expense reimbursement in an amount of $_____ are hereby found to be reasonable and are awarded to Class Counsel. Class Counsel shall recover such fees and expenses from the Settlement Fund as and in the manner described in the Settlement Agreement. The Court finds that $_____ shall be paid the named Plaintiff and Class Representative, Joshua R. Smith, as an incentive award for his efforts in prosecuting this case. These awards shall be paid from the Settlement Fund as and in the manner described in the Settlement Agreement.

16.    Pursuant to the Settlement Agreements, the Settlement Funds shall bear all notice costs, costs associated with payment of the settlement proceeds, Settlement Administrator fees, Class Counsel's attorneys' fees and expenses, and incentive awards to the named Plaintiffs in each Class.

17.    The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member who did not make a valid and timely request for exclusion from their respective Classes.

18.    This entire action is hereby dismissed with prejudice as to the Settled Claims of the Settlement Class Members of the Owens Class and the Smith Class, and without taxable costs to the parties.

19.    The Court reserves jurisdiction, without affecting the finality of this Judgment, over:

    a.    Implementation of the Settlements;

    b.    Disposition of the Settlement Funds; and

    c.    Enforcing and administering the Settlement Agreements.

20.    Upon entry of this Order, all Class Members who did not make a valid and timely request for exclusion from their respective Classes shall be bound by

the Settlement Agreement as amended and by this Final Order.

IT IS SO ORDERED, this the _____ day of _____, 2019.


_____
Richard W. Story
United States District Judge

EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

LAURA A. OWENS and JOSHUA       :
R. SMITH, individually and on   :
behalf of two classes of all others :
similarly situated,             :
                                :
  Plaintiffs,         :
                                :
v.                              :  Civil Action File 2:14-cv-00074-RWS
                                :
METROPOLITAN LIFE               :
INSURANCE COMPANY,              :
                                :
  Defendant.          :

## ORDER PRELIMINARILY APPROVING THE OWENS
## SETTLEMENT AND NOTICE TO THE CLASS

  **AND NOW**, this ____ of July, 2019, upon consideration of Plaintiff Laura

A. Owens's Unopposed Motion to Grant Preliminary Approval of the Owens Class

Settlement, the Distribution Plan and Proposed Notice,[1] (Dkt. ____), **IT IS**

**ORDERED** as follows:

1.  The motion is **GRANTED** and this Court grants preliminary approval of the

proposed Settlement and Distribution Plan.   The Court finds that the proposed

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the

Settlement and the proposed Distribution Plan are fair, reasonable, and adequate.

Accordingly, notice thereof should be given to the Class.

2.     The Settlement Class defined as follows is HEREBY CERTIFIED:

> All life insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife that provide for payment in "one sum" for whom MetLife established a "Total Control Account" between April 18, 2008, and December 31, 2012.   Expressly excluded from the class are beneficiaries under policies that, at the time of the insured's death, contained the statement in the policy certificate or an endorsement to the policy certificate that expressly states that claims for benefits can be settled "by establishing an account that earns interest.[2]

3.     The following lawyers are appointed as Class Counsel: John C. Bell, Jr. and Leroy W. Brigham of Bell & Brigham, Wm. Gregory Dobson and Michael J. Lober of Lober & Dobson, LLC, Jason J. Carter and Michael B. Terry of Bondurant, Mixson & Elmore, LLP, John W. Oxendine and Todd L. Lord.

---

Settlement Agreement.

[2] For purposes of this settlement, by agreement of the parties, a policy certificate is deemed to include this language as of the date that MetLife's records produced in this litigation indicate MetLife: (a) issued to the policyholder a rider that purported to amend or clarify the policy to include this language; or (b) included such language in a newly-issued certificate.  In addition, based upon documents produced by MetLife and deposition testimony provided on its behalf, for all policies and customers for whom a specific rider or certificate has not been identified and produced to Plaintiffs as of March 31, 2019, all such policies are deemed to include this language (a) as of September 1, 2012, for all policies associated with customers MetLife categorizes as "National Accounts" or "Regional Market" accounts; and (b) as of December 31, 2012 for all policies associated with customers MetLife categorizes as "Local Market" accounts.

4. This Court will hold a hearing on final approval of the settlement on _____, **2019 at** _____  __**.m.** at United States Courthouse, 121 Spring Street, Gainesville, Georgia. District Court.

5.      The parties shall file their written submissions in support of the settlement agreement – which shall include a response to any class member objections that are received – no later than _____, 2019.

6.      The Court concludes that the form and substance of the proposed notice to the Owens Settlement Class ("Notice") and the mailing pursuant to the Settlement Agreement constitutes the best notice practicable under the circumstances and **APPROVES** the proposed Notice.

7.      Class Members who wish to exclude themselves from the Owens Settlement Class and this Settlement must do so in writing by submitting to the Administrator at the address listed in the Notice, a written, signed, and dated statement that he or she is opting out of the Class and understands that he or she will receive no money from the Settlement of this Action. To be effective, this opt-out statement (i) must be received by the Administrator by the Opt Out Deadline set forth in the Settlement Notice approved by the Court, (ii) include the Class Member's name

and last four digits of their social security number, and (iii) must be personally signed and dated by the Class Member. The Administrator will, within ten (10) calendar days of receiving any opt-out statement, provide counsel for the Parties with a copy of the opt out statement. The Administrator will, at least seven (7) calendar days before the Final Approval Hearing, file copies of all opt-out statements with the Court. The Owens Settlement Class will not include any individuals who send timely and valid opt-out statements, and individuals who opt out are not entitled to any monetary award under this Settlement.

8.     American Legal Claims, LLC, is **APPOINTED** as Settlement Administrator, and shall be responsible for providing notice of the preliminarily approved Settlement in accordance with the provisions of the Owens Settlement Agreement and this Order.   The Notice shall be emailed or mailed by the Settlement Administrator to all Owens Class Members, by first-class mail, postage prepaid, **within twenty-five days** of the date of this Order.   The Notice shall be sent to all Class Members at their last known addresses, with address updating and verification to be performed by the Settlement Administrator in accordance with the Settlement Agreement.   Within **ten business days** of the date of this Order, MetLife shall provide the Settlement Administrator with the addresses of any

-4-

Owens Class Members for whom MetLife has obtained updated information. **No later than seven days** prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court proof of mailing of the Notice to all Owens Class Members.

9.      Class Members shall file with the Clerk any objections to the settlement **within thirty (30) days** of the date the Notice is mailed.   A Class Member who submits an objection must, within thirty days after the Objection Deadline, submit a written objection that includes: the objector's name and address, the basis for the objection, all arguments and authority supporting the objection, and any evidence supporting the objection. The objection shall also state whether the Class Member is represented by an attorney, and if so, the attorney's name.   If represented by counsel, the attorney for the objector shall disclose:

> a) The number of times in which the objector's counsel and the counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each case;

b) If the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;

c) Any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity; and

d)  A description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented.

An objection will be deemed submitted and will be considered by the Court

only if it is filed with the Court by the Objection Deadline set forth in the

Settlement Notice.   It is the responsibility of the objector to ensure proper filing so

as to make certain that the objection is timely received by the Court.

The objecting Class Member must also provide a statement whether the

objector intends to appear at the Settlement Hearing, either with or without

counsel. If the objector intends to appear at the Settlement Hearing through

counsel, his/her/its counsel must file a notice of appearance with the Court no later

than thirty (30) business days before the hearing and shall cooperate fully in being

deposed promptly.

10.    **No later than forty-five days** prior to the Final Approval Hearing, Class

Counsel shall file their application for attorneys' fees and reimbursement of costs

and    expenses    and    shall    promptly    post    their    application    at

www.owensclassaction.com.

11.    Any Class Member may appear at the Final Approval Hearing, in person or

through counsel, and be heard to the extent allowed by the Court in opposition to

the fairness, reasonableness, and adequacy of the Settlement, the proposed

Distribution Plan, and the application for an award of attorneys' fees, costs, and

expenses to Class Counsel.   Absent leave of Court, no person shall be heard in

opposition to the Settlement, the Settlement Agreement, or the application for an award of attorneys' fees, costs, and expenses to Class Counsel unless, **no later than thirty calendar days** before the Final Approval Hearing, such person files with the Clerk of the Court a notice of intention to appear and provides a written statement that indicates all bases for objection, all documentation in support of the objection, any legal authority supporting the objection, and a list of witnesses the person may call to testify.

12.     The Court reserves the right to adjourn and/or reschedule the Final Approval Hearing without further notice of any kind to Class Members. Therefore, any Class Member intending to attend the Final Approval Hearing should, in addition to complying with all instructions and requirements above, confirm the date, time, and location of the Final Approval Hearing with Class Counsel.   Any order or notice of scheduling changes shall be promptly posted at www.owensclassaction.com.

13.     If this Court grants approval of the Settlement, all Class Members shall be bound by all the provisions of the Settlement, Settlement Agreement, Distribution Plan, and all determinations and judgments in this case, including the Final Order and Judgment dismissing this case with prejudice, and the Released Claims of all

-8-

Class Members shall be barred as of the entry of judgment.

14.     The Court approves the Form of CAFA Notices attached as Exhibit __ and orders that the Settlement Administrator's mailing of the CAFA notices has fulfilled MetLife's obligations under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

15.     Pending the final determination of whether the Settlement should be approved, all proceedings and discovery in this case are **STAYED**, except as specifically provided for in this Order.  If the Settlement is terminated, the Settlement is not finally approved by this Court, or the Effective Date does not occur for any reason, the stay of this case shall be lifted.  The parties shall, as soon thereafter as possible, request a new Scheduling Order from the Court.

        SO ORDERED, this the _____ day of July, 2019.

                                BY THE COURT:


                                _____
                                Richard W. Story
                                United States District Judge

Owens Class Action
c/o American Legal Claim Services, LLC
P.O. Box 23369
Jacksonville, FL 32241

Notice ID: «noticeid»
PIN: _____

15252-ΦX-000046*
Postal Service: Please do not mark barcode

*EXHIBIT C*

«name»
«addrline1»
«addrcity», «addrstate» «addrzip»

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| LAURA A. OWENS and JOSHUA R. SMITH, individually and on behalf of two classes of all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action File 2:14-cv-00074-RWS |
| METROPOLITAN LIFE INSURANCE COMPANY, | : : : | |
| Defendant. | : | |

### NOTICE OF OWENS CLASS ACTION SETTLEMENT

A federal court authorized this notice.
**This is not a solicitation from a lawyer.**

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT, OR DON'T ACT.  READ THIS NOTICE CAREFULLY.** These rights and options—**and the deadlines to exercise them**—are explained in this notice.

| Your Legal Rights and Options in this Settlement: | |
|---|---|
| **Do Nothing:** | You will be paid a proportional share of the net settlement proceeds in accordance with the Distribution Plan as long as your calculated distribution is not less than $10.00.  Class members whose calculated distribution is less than $10.00 will not receive a distribution under this settlement.  See section 4 of this notice for more details. |
| **Exclude Yourself** | Get no payment.  If you exclude yourself, you cannot object to the settlement, but you would not be barred by the settlement from bringing a suit of your own. |
| **Object:** | Write to the Court about why you don't like the settlement and do not want it approved.  Act by ____, 2019.  See section 11 of this notice for more details. |
| **Go to a Hearing:** | Ask to speak in Court about the fairness of the settlement on ____, 2019. See section 13 of this notice for more details. |

- 1 -

## 1.   Why did I receive this notice?

You received this notice because it appears from MetLife's records that you are a member of the Owens class that is covered by this lawsuit. The Court directed that this notice be sent to you to inform you about a proposed settlement of this lawsuit and your rights and options.

## 2.   What is this lawsuit about?

This lawsuit concerns MetLife's use of retained asset accounts called "Total Control Accounts" to settle claims for life insurance benefits due under ERISA-governed employee benefit plans ("Plans"). A retained asset account is a method of settling claims in which an insurance company: (a) establishes an interest-bearing account through a bank for the beneficiary, (b) issues the beneficiary a book of blank drafts that resembles a checkbook to use to access the settlement amount, and (c) retains and invests the money owed to the beneficiary until it is called upon to transfer funds to the bank to cover drafts drawn on the account.

The Plaintiff alleges that MetLife's use of Total Control Accounts to settle claims is unauthorized because the applicable insurance policies provide that benefits will be paid to the beneficiary in "one sum" unless the beneficiary requests another form of payment, and alleges that the practice is unfair because MetLife may earn income by investing the funds held in the Total Control Accounts. The Plaintiff further alleges that the practice is improper because MetLife controls how much income it receives from the practice and does not disclose this income to the Plans. The Plaintiff alleges that these practices violate a federal law, the Employee Retirement Income Security Act of 1974 ("ERISA"), that requires persons who administer employee benefit plans to act in accordance with the plans' terms and solely in the interests of the plans' beneficiaries (Count 1), and prohibits plan administrators from engaging in certain types of transactions due to their potential for abuse. (Counts 2-4). MetLife denies these allegations and contends that its conduct was at all times lawful under ERISA.

## 3.   What has happened so far in the case?

The parties filed motions for summary judgment asking the Court to rule in their favor without a trial. The Court ruled in Plaintiff's favor on certain counts, and denied both parties' motions as to others. The Plaintiff filed a motion for class certification asking the Court to allow her to represent other beneficiaries who were affected by MetLife's practices. The Court granted this motion and ruled that the Plaintiff may represent a class. The parties have now reached a proposed settlement for a class ("Class") defined as follows:

> All life insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife that provide for payment in "one sum" for whom MetLife established a "Total Control Account" between April 18, 2008, and December 31, 2012. Expressly excluded from the class are beneficiaries under policies that, at the time of the insured's death, contained the statement in the policy certificate or an endorsement to the policy certificate that expressly states that claims for benefits can be settled "by establishing an account that earns interest."[1]

The Class Representative and her attorneys think the settlement is in the best interests of all Owens Class Members.

## 4.   What does the settlement provide?

---

[1]  For purposes of this settlement, by agreement of the parties, a policy certificate is deemed to include this language as of the date that MetLife's records produced in this litigation indicate MetLife: (a) issued to the policyholder a rider that purported to amend or clarify the policy to include this language; or (b) included such language in a newly-issued certificate. In addition, based upon documents produced by MetLife and deposition testimony provided on its behalf, for all policies and customers for whom a specific rider or certificate has not been identified and produced to Plaintiffs as of March 31, 2019, all such policies are deemed to include this language (a) as of September 1, 2012, for all policies associated with customers MetLife categorizes as "National Accounts" or "Regional Market" accounts; and (b) as of December 31, 2012 for all policies associated with customers MetLife categorizes as "Local Market" accounts.

MetLife has agreed to pay Seventy-Five Million Dollars ($75,000,000.00) to settle the lawsuit, which will be paid into the Settlement Fund (as defined in the Settlement Agreement).  The settlement proceeds will be distributed to each Owens Class Member based upon his or her share in accordance with the Distribution Plan. The amount payable to each Class Member will vary, depending on, among other things, the size of the Class Member's life insurance benefit, how long his or her Total Control Account was open, the amount of interest credited to the Class Member's Total Control Account, and the passage of time. Should the amount allocated to any Class Member be less than $10.00 (net of fees and expenses), that Class Member will not receive a payment.

The Settlement Agreement, the Distribution Plan and other papers, in both English and Spanish, can be found at www.owensclassaction.com.

**5.     When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.  The hearing will be held on _____, 2019, at ___ _.m. in Courtroom ___, United State Courthouse, 122 Spring Street, Gainesville, Georgia 30501. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel.  At or after the hearing, the Court will decide whether to approve the settlement.

The Court has reserved the right to change the date and time of the Final Approval Hearing without further notice to the Class.  If you would like to attend the hearing, please check the website www.owensclassaction.com for any changes of the hearing date.

**6.     How and when can I receive payment?**

You need to do nothing.  If the settlement is approved and your share of the settlement (net of fees and expenses) is $10.00 or more, a check will be mailed to you at this same address.  If there is an appeal, then settlement checks will not be issued until the appeal is resolved and the order approving the settlement is approved by the appeals court.

**7.     What if I currently have a balance in a Total Control Account?**

If you currently have a balance in a Total Control Account, MetLife will continue to administer the account in accord with the account agreement.  MetLife will continue to guarantee the balance and credit interest on that balance.  MetLife will be free to invest the funds associated with that balance as it sees fit.  MetLife may make more investment income using your funds than the interest that it pays to you.  Part of this settlement includes a release of all claims relating to the rate of interest credited to Total Control Accounts issued under the Plans. As was always the case, you may choose to close your Total Control Account or keep it open.

**8.     Do I have a lawyer in this case?**

The Court appointed John C. Bell, Jr., Esq., Lee W. Brigham, Esq., Wm Gregory Dobson, Esq., Michael J. Lober, Esq., John W. Oxendine, Esq., Todd L. Lord, Esq., Jason J. Carter, Esq. and Michael B. Terry, Esq. to represent you and other Class Members.  These lawyers are called Class Counsel.  You will not be personally charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**9.     How will the lawyers be paid?**

Class Counsel will ask the Court to award attorneys' fees and will seek reimbursement of their expenses incurred to prosecute this action and administer this settlement of no more than one-third of the Settlement Fund, and to seek an incentive award of up to twenty-five thousand dollars ($25,000.00) to the Class Representative, all to be paid from the Settlement Fund. Attorneys' fees, expenses and incentive awards will be determined by the Court following a hearing and will be based upon the evidence presented and legal principles that govern such awards.  The Court may award less than the amounts requested. MetLife has agreed not to

- 3 -

Questions?  Visit www.owensclassaction.com
**Para Una notificación en Español, visitor nuestro website, www.owensclassaction.com**

oppose the application for attorneys' fees, expenses and the incentive award.

**10.    How do I get out of the settlement?**

To exclude yourself from the settlement, you must submit to the Administrator at the address listed below, a written, signed, and dated statement that you are opting out of the Class and that you understand that you will receive no money from the Settlement of this Action. To be effective, this opt-out statement (i) must be received by the Administrator no later than _____, 2019, (ii) include your name and last four digits of your social security number, and (iii) must be personally signed and dated by you.

**Owens Class Action Settlement – Exclusions**
**Settlement Administrator**
**P.O. Box 23369**
**Jacksonville FL  32241**

You can't exclude yourself on the phone or by e-mail.  If you are excluded, you will not get any settlement payment, you cannot object to the settlement, you will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) MetLife in the future for these same claims, but your claims may be time-barred.

**11.    How do I object to the settlement?**

If you are a Class Member, you can object to the settlement.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the settlement. The letter must include certain information.  This information is described in paragraph 3.6 of the Settlement Agreement, which is available online at www.owensclassaction.com.
**DO NOT CALL THE COURT**.  Mail or electronically file the objection with the Clerk of the Court, James A. Hatten, U.S. Courthouse, 121 Spring Street, Gainesville, Georgia 30501, so that is received by the Clerk no later than _____, 2019.

**12.    Do I have to come to the hearing?**

No, but you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court.  As long as you submitted your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but this is not necessary.

**13.    May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear." Include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be received by _____, 2019, by the Clerk of the Court at the address noted in question 11.

**14.    Are there more details about the settlement?**

You may visit the website at www.owensclassaction.com, where you will find copies of the Settlement Agreement and significant orders, as well as other information that may help you determine whether you are a Class Member and whether you are eligible for a payment. You may also call 1-800-501-0370 toll free, or write to Owens Class Action, c/o Settlement Administrator, P.O. Box 23369, Jacksonville, FL 32241.
The papers filed in this case are also available for inspection during business hours at the Office of the Clerk of Court, United States District Court for the Northern District of Georgia, 121 Spring Street, Gainesville, Georgia 30501, or on the internet at http://www.gand.uscourts.gov/.

[Settlement Administrator Letterhead]

_____, 2019

*EXHIBIT D*

«Name1»
«Name2»
«Address1»
«Address2»
«Address3»
«City», «St» «Zip»

Re:   *Owens, et al. v. Metropolitan Life Insurance Company*
       Case No. 2:14-cv-00074 (N.D. Ga.)
       <u>Notice Pursuant to 28 U.S.C. § 1715</u>

Dear Sir or Madam:

_____, settlement administrator, on behalf of Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant") in the above-captioned action (the "*Owens* Action"), hereby provides your office with this notice under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.  Pursuant to 28 U.S.C. § 1715, this notice is to inform you of a proposed class action settlement of the *Owens* Action, a lawsuit currently pending in the United States District Court for the Northern District of Georgia (Story, J.), in which the plaintiffs alleged that MetLife engaged in prohibited transactions and breached its fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq. ("ERISA") to life insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife.

Plaintiff Laura A. Owens filed a motion with the United States District Court for the Northern District of Georgia on _____, 2019, requesting preliminary approval of the proposed settlement. The Court has not granted preliminary approval of the proposed settlement yet, nor has it scheduled a hearing for preliminary approval or final approval of the settlement.

In accordance with 28 U.S.C. § 1715(b), Defendant states as follows:

**(1)      The Complaint and any materials filed with the Complaint.**

The original complaint and the amended complaint in the *Owens* Action, as well as all attachments thereto, are contained on the enclosed CD in the folder labeled <u>Tab 1</u>.  In addition, the complaint and all other pleadings and records filed in the *Owens* Action are available on the internet through the federal government's PACER service at https://ecf.gand.uscourts.gov/cgi-bin/DktRpt.pl?753455878151998-L_1_0-1.  Additional information about the PACER service may be found at <u>https://www.pacer.gov</u>.

**(2)      Notice of any scheduled judicial hearing in the class action.**

As of the time and date of the transmittal of this notice, no judicial hearings are presently scheduled.  Plaintiff Owens in the *Owens* Action filed <u>an</u> unopposed motion for preliminary approval of the proposed class action settlement on [DATE].  The Court has not yet acted on the motion or set a hearing date.  If any hearings are scheduled, information

[INSERT]
_____, 2019
Page 2

concerning the date, time, and location of those hearings will be available through PACER and can be accessed as described in section (1) above.

**(3)      Any proposed or final notification to class members.**

The proposed form of direct notice to class members, which provides notice of the proposed settlement and each class member's right to object to or opt-out of the class action, is included on the enclosed CD in the folder labeled <u>Tab 2</u>.  The Court has not yet approved the proposed form of notice.

**(4)      Any proposed or final class action settlement.**

The parties' proposed class action settlement agreement dated as of [DATE] ("Settlement Agreement"), is included on the enclosed CD in the folder labeled <u>Tab 3</u>.  The Court has not yet granted preliminary or final approval of the settlement.

**(5)      Any settlement or other agreement contemporaneously made between class counsel and counsel for Defendant.**

There are no additional agreements between class counsel and counsel for Defendant, other than those reflected in the Settlement Agreement.

**(6)      A final judgment or notice of dismissal.**

No final judgment or notice of dismissal has yet been entered in the *Owens* Action.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed as described in section (1) above.

**(7)      Estimate of the number of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

Defendant's estimate of the number of class members and proportionate share of the claims of such class members, aggregated by state, is enclosed in the folder labeled <u>Tab 4</u> ("Estimated Class Members by State").

**(8)      Any written judicial opinion relating to the materials described in sections (3) through (6).**

No written judicial opinions have been issued relating to the proposed settlement as of this time.

Thank you for your attention to this matter.

[INSERT]
_____, 2019
Page 3

Sincerely,


[Name]
[Title]


Enclosures