UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

AUG 01 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

LAURA A. OWENS and JOSHUA : 
R. SMITH, individually and on :
behalf of two classes of all others :
similarly situated, :
 :
    Plaintiffs, :
 :
v. :   Civil Action File 2:14-cv-00074-RWS
 :
METROPOLITAN LIFE :
INSURANCE COMPANY, :
 :
    Defendant. :

## ORDER PRELIMINARILY APPROVING THE SMITH SETTLEMENT AND NOTICE TO THE CLASS

AND NOW, this 29th of July, 2019, upon consideration of Plaintiff Joshua Smith's Unopposed Motion to Grant Preliminary Approval of the Smith Class Settlement, the Distribution Plan and Proposed Notice,[1] (Dkt. 213), **IT IS ORDERED** as follows:

1. The motion is **GRANTED** and this Court grants preliminary approval of the proposed Settlement and Distribution Plan. The Court finds that the proposed

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the

Settlement and the proposed Distribution Plan are fair, reasonable, and adequate. Accordingly, notice thereof should be given to the Smith Class.

2. The Settlement Class defined as follows is HEREBY CERTIFIED:

> All life insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife that provide for payment in "one sum" for whom MetLife established a "Total Control Account" (a) between January 1, 2013 and March 31, 2019; and (b) between April 18, 2008 and December 31, 2012 for all policies that, at the time of the insured's death, contained the statement in the policy certificate or an endorsement to the policy certificate that expressly states that claims for benefits can be settled "by establishing an account that earns interest."[2]

3. The following lawyers are appointed as Class Counsel: John C. Bell, Jr. and Leroy W. Brigham of Bell & Brigham, Wm. Gregory Dobson and Michael J. Lober of Lober & Dobson, LLC, Jason J. Carter and Michael B. Terry of Bondurant, Mixson & Elmore, LLP, John W. Oxendine and Todd L. Lord.

---

Settlement Agreement.

[2] For purposes of this settlement, by agreement of the parties, a policy certificate is deemed to include this language as of the date that MetLife's records produced in this litigation indicate MetLife: (a) issued to the policyholder a rider that purported to amend or clarify the policy to include this language; or (b) included such language in a newly-issued certificate. In addition, based upon documents produced by MetLife and deposition testimony provided on its behalf, for all policies and customers for whom a specific rider or certificate has not been identified and produced to Plaintiffs as of March 31, 2019, all such policies are deemed to include this language (a) as of September 1, 2012, for all policies associated with customers MetLife categorizes as "National Accounts" or "Regional Market" accounts; and (b) as of December 31, 2012 for all policies associated with customers MetLife categorizes as "Local Market" accounts.

4. This Court will hold a hearing on final approval of the settlement on November 19, **2019 at** 10:00 a.m. at United States Courthouse, 121 Spring Street, Gainesville, Georgia. District Court.

5. The parties shall file their written submissions in support of the settlement agreement – which shall include a response to any class member objections that are received – no later than October 21, 2019.

6. The Court concludes that the form and substance of the proposed notice to the Smith Settlement Class ("Notice") and the mailing pursuant to the Settlement Agreement constitutes the best notice practicable under the circumstances and **APPROVES** the proposed Notice.

7. Smith Class Members who wish to exclude themselves from the Smith Settlement Class and this Settlement must do so in writing by submitting to the Administrator at the address listed in the Notice, a written, signed, and dated statement that he or she is opting out of the Class and understands that he or she will receive no money from the Settlement of this Action. To be effective, this opt-out statement (i) must be received by the Administrator by the Opt Out Deadline set forth in the Settlement Notice approved by the Court, (ii) include the Class Member's name and last four digits of their social security number, and (iii)

-3-

must be personally signed and dated by the Class Member. The Administrator will, within ten (10) calendar days of receiving any opt-out statement, provide counsel for the Parties with a copy of the opt out statement. The Administrator will, at least seven (7) calendar days before the Final Approval Hearing, file copies of all opt-out statements with the Court. The Settlement Class will not include any individuals who send timely and valid opt-out statements, and individuals who opt out are not entitled to any monetary award under this Settlement.

8. American Legal Claims, LLC, is **APPOINTED** as Settlement Administrator, and shall be responsible for providing notice of the preliminarily approved Settlement in accordance with the provisions of the Settlement Agreement and this Order. The Notice shall be emailed or mailed by the Settlement Administrator to all Class Members, by first-class mail, postage prepaid, **within twenty-five days** of the date of this Order. The Notice shall be sent to all Class Members at their last known addresses, with address updating and verification to be performed by the Settlement Administrator in accordance with the Settlement Agreement. Within **ten business days** of the date of this Order, MetLife shall provide the Settlement Administrator with the addresses of any Class Members for whom MetLife has obtained updated information. **No later**

than seven days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court proof of mailing of the Notice to all Class Members.

9. Class Members shall file with the Clerk any objections to the settlement within thirty (30) days of the date the Notice is mailed. A Class Member who submits an objection, must within thirty days after the Objection Deadline, submit a written objection that includes: the objector's name and address, the basis for the objection, all arguments and authority supporting the objection, and any evidence supporting the objection. The objection shall also state whether the Class Member is represented by an attorney, and if so, the attorney's name. If represented by counsel, the attorney for the objector shall disclose:

> a) The number of times in which the objector's counsel and the counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each case;
>
> b) If the objector is represented by an attorney who intends to seek

fees and expenses from anyone other than the objectors he or she represents, the objection should also include (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;

c) Any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity; and

d) A description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented.

An objection will be deemed submitted and will be considered by the Court only if it is filed with the Court by the Objection Deadline set forth in the

Settlement Notice. It is the responsibility of the objector to ensure proper filing so as to make certain that the objection is timely received by the Court.

The objecting Class Member must also provide a statement whether the objector intends to appear at the Settlement Hearing, either with or without counsel. If the objector intends to appear at the Settlement Hearing through counsel, his/her/its counsel must file a notice of appearance with the Court no later than thirty (30) business days before the hearing and shall cooperate fully in being deposed promptly.

10. **No later than forty-five days** prior to the Final Approval Hearing, Class Counsel shall file their application for attorneys' fees and reimbursement of costs and expenses and shall promptly post their application at www.smithclassaction.com.

11. Any Class Member may appear at the Final Approval Hearing, in person or through counsel, and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness, and adequacy of the Settlement, the proposed Distribution Plan, and the application for an award of attorneys' fees, costs, and expenses to Class Counsel. Absent leave of Court, no person shall be heard in opposition to the Settlement, the Settlement Agreement, or the application for an

-7-

award of attorneys' fees, costs, and expenses to Class Counsel unless, **no later than thirty calendar days** before the Final Approval Hearing, such person files with the Clerk of the Court a notice of intention to appear and provides a written statement that indicates all bases for objection, all documentation in support of the objection, any legal authority supporting the objection, and a list of witnesses the person may call to testify.

12. The Court reserves the right to adjourn and/or reschedule the Final Approval Hearing without further notice of any kind to Class Members. Therefore, any Class Member intending to attend the Final Approval Hearing should, in addition to complying with all instructions and requirements above, confirm the date, time, and location of the Final Approval Hearing with Class Counsel. Any order or notice of scheduling changes shall be promptly posted at www.smithclassaction.com.

13. If this Court grants approval of the Smith Settlement, all Class Members shall be bound by all the provisions of the Settlement, Settlement Agreement, Distribution Plan, and all determinations and judgments in this case, including the Final Order and Judgment dismissing this case with prejudice, and the Released Claims of all Class Members shall be barred as of the entry of judgment.

14. The Court approves the Form of CAFA Notices attached as Exhibit _O_ and orders that the Settlement Administrator's mailing of the CAFA notices has fulfilled MetLife's obligations under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

15. Pending the final determination of whether the Smith Settlement should be approved, all proceedings and discovery in this case are **STAYED**, except as specifically provided for in this Order. If the Settlement is terminated, the Settlement is not finally approved by this Court, or the Effective Date does not occur for any reason, the stay of this case shall be lifted. The parties shall, as soon thereafter as possible, request a new Scheduling Order from the Court.

SO ORDERED, this the 29th day of July, 2019.

BY THE COURT:

_/s/ Richard W. Story_
Richard W. Story,
United States District Judge

[Settlement Administrator Letterhead]

_____, 2019

*EXHIBIT D*

«Name1»
«Name2»
«Address1»
«Address2»
«Address3»
«City», «St» «Zip»

Re:  *Owens, et al. v. Metropolitan Life Insurance Company*
     Case No. 2:14-cv-00074 (N.D. Ga.)
     Notice Pursuant to 28 U.S.C. § 1715

Dear Sir or Madam:

_____, settlement administrator, on behalf of Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant") in the above-captioned action (the "*Owens* Action"), hereby provides your office with this notice under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Pursuant to 28 U.S.C. § 1715, this notice is to inform you of a proposed class action settlement of the *Owens* Action, a lawsuit currently pending in the United States District Court for the Northern District of Georgia (Story, J.), in which the plaintiffs alleged that MetLife engaged in prohibited transactions and breached its fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq. ("ERISA") to life insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife.

Plaintiff Joshua R. Smith filed a motion with the United States District Court for the Northern District of Georgia on _____, 2019, requesting preliminary approval of the proposed settlement. The Court has not granted preliminary approval of the proposed settlement yet, nor has it scheduled a hearing for preliminary approval or final approval of the settlement.

In accordance with 28 U.S.C. § 1715(b), Defendant states as follows:

**(1)  The Complaint and any materials filed with the Complaint.**

The original complaint and the amended complaint in the *Owens* Action, as well as all attachments thereto, are contained on the enclosed CD in the folder labeled Tab 1. In addition, the complaint and all other pleadings and records filed in the *Owens* Action are available on the internet through the federal government's PACER service at https://ecf.gand.uscourts.gov/cgi-bin/DktRpt.pl?753455878151998-L_1_0-1. Additional information about the PACER service may be found at https://www.pacer.gov.

**(2)  Notice of any scheduled judicial hearing in the class action.**

As of the time and date of the transmittal of this notice, no judicial hearings are presently scheduled. Plaintiff Smith in the *Owens* Action filed an unopposed motion for preliminary approval of the proposed class action settlement on [DATE]. The Court has not yet acted on the motion or set a hearing date. If any hearings are scheduled, information

[INSERT]
_____, 2019
Page 2

concerning the date, time, and location of those hearings will be available through PACER and can be accessed as described in section (1) above.

**(3)  Any proposed or final notification to class members.**

The proposed form of direct notice to class members, which provides notice of the proposed settlement and each class member's right to object to or opt-out of the class action, is included on the enclosed CD in the folder labeled Tab 2. The Court has not yet approved the proposed form of notice.

**(4)  Any proposed or final class action settlement.**

The parties' proposed class action settlement agreement dated as of [DATE] ("Settlement Agreement"), is included on the enclosed CD in the folder labeled Tab 3. The Court has not yet granted preliminary or final approval of the settlement.

**(5)  Any settlement or other agreement contemporaneously made between class counsel and counsel for Defendant.**

There are no additional agreements between class counsel and counsel for Defendant, other than those reflected in the Settlement Agreement.

**(6)  A final judgment or notice of dismissal.**

No final judgment or notice of dismissal has yet been entered in the *Owens* Action. Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed as described in section (1) above.

**(7)  Estimate of the number of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

Defendant's estimate of the number of class members and proportionate share of the claims of such class members, aggregated by state, is enclosed in the folder labeled Tab 4 ("Estimated Class Members by State").

**(8)  Any written judicial opinion relating to the materials described in sections (3) through (6).**

No written judicial opinions have been issued relating to the proposed settlement as of this time.

Thank you for your attention to this matter.

[INSERT]
_____, 2019
Page 3

Sincerely,


[Name]
[Title]


Enclosures