# Exhibit A

Owens Class Action
c/o Settlement Administrator
P.O. Box 23309
Jacksonville, FL 32241-3309

Notice ID: 10661461

PIN: 880 070 083

PRSRT FIRST CLASS
U.S. POSTAGE
PAID
MAILED FROM
ZIP CODE 32216
PERMIT NO 584

*Postal Service: Please do not mark barcode*

23878-FC-118081

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

LAURA A. OWENS and JOSHUA
R. SMITH, individually and on
behalf of two classes of all others
similarly situated,

     Plaintiffs,

v.

METROPOLITAN LIFE
INSURANCE COMPANY,

     Defendant.

Civil Action File 2:14-cv-00074-RWS

## NOTICE OF OWENS CLASS ACTION SETTLEMENT

A federal court authorized this notice.
**This is not a solicitation from a lawyer.**

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT, OR DON'T ACT. READ THIS NOTICE CAREFULLY.** These rights and options—**and the deadlines to exercise them**—are explained in this notice.

| Your Legal Rights and Options in this Settlement | |
|---|---|
| **Do Nothing:** | You will be paid a proportional share of the net settlement proceeds in accordance with the Distribution Plan as long as your calculated distribution is not less than $10.00. Class members whose calculated distribution is less than $10.00 will not receive a distribution under this settlement. See section 4 of this notice for more details. |
| **Exclude Yourself:** | Get no payment. If you exclude yourself, you cannot object to the settlement, but you would not be barred by the settlement from bringing a suit of your own. |
| **Object:** | Write to the Court about why you don't like the settlement and do not want it approved. Act by September 25, 2019. See section 11 of this notice for more details. |
| **Go to a Hearing:** | Ask to speak in Court about the fairness of the settlement on November 19, 2019. See section 13 of this notice for more details. |

Questions? Visit www.owensclassaction.com
**Para una notificación en Español, visite nuestro sitio web, www.owensclassaction.com**

OWENS NOTICE

## 1.   Why did I receive this notice?

You received this notice because it appears from MetLife's records that you are a member of the Owens class that is covered by this lawsuit. The Court directed that this notice be sent to you to inform you about a proposed settlement of this lawsuit and your rights and options.

## 2.   What is this lawsuit about?

This lawsuit concerns MetLife's use of retained asset accounts called "Total Control Accounts" to settle claims for life insurance benefits due under ERISA-governed employee benefit plans ("Plans"). A retained asset account is a method of settling claims in which an insurance company: (a) establishes an interest-bearing account through a bank for the beneficiary, (b) issues the beneficiary a book of blank drafts that resembles a checkbook to use to access the settlement amount, and (c) retains and invests the money owed to the beneficiary until it is called upon to transfer funds to the bank to cover drafts drawn on the account.

The Plaintiff alleges that MetLife's use of Total Control Accounts to settle claims is unauthorized because the applicable insurance policies provide that benefits will be paid to the beneficiary in "one sum" unless the beneficiary requests another form of payment, and alleges that the practice is unfair because MetLife may earn income by investing the funds held in the Total Control Accounts. The Plaintiff further alleges that the practice is improper because MetLife controls how much income it receives from the practice and does not disclose this income to the Plans. The Plaintiff alleges that these practices violate a federal law, the Employee Retirement Income Security Act of 1974 ("ERISA"), that requires persons who administer employee benefit plans to act in accordance with the plans' terms and solely in the interests of the plans' beneficiaries (Count 1), and prohibits plan administrators from engaging in certain types of transactions due to their potential for abuse. (Counts 2-4).

MetLife denies these allegations and contends that its conduct was at all times lawful under ERISA.

## 3.   What has happened so far in the case?

The parties filed motions for summary judgment asking the Court to rule in their favor without a trial. The Court ruled in Plaintiff's favor on certain counts, and denied both parties' motions as to others. The Plaintiff filed a motion for class certification asking the Court to allow her to represent other beneficiaries who were affected by MetLife's practices. The Court granted this motion and ruled that the Plaintiff may represent a class. The parties have now reached a proposed settlement for a class ("Class") defined as follows:

> All life insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife that provide for payment in "one sum" for whom MetLife established a "Total Control Account" between April 18, 2008, and December 31, 2012. Expressly excluded from the class are beneficiaries under policies that, at the time of the insured's death, contained the statement in the policy certificate or an endorsement to the policy certificate that expressly states that claims for benefits can be settled "by establishing an account that earns interest."[1]

The Class Representative and her attorneys think the settlement is in the best interests of all Owens Class Members.

## 4.   What does the settlement provide?

MetLife has agreed to pay Seventy-Five Million Dollars ($75,000,000.00) to settle the lawsuit, which will be paid into the Settlement Fund (as defined in the Settlement Agreement). The settlement proceeds will be distributed to each Owens Class Member based upon his or her share in accordance with the Distribution Plan. The amount payable to each Class Member

---

[1]   For purposes of this settlement, by agreement of the parties, a policy certificate is deemed to include this language as of the date that MetLife's records produced in this litigation indicate MetLife: (a) issued to the policyholder a rider that purported to amend or clarify the policy to include this language; or (b) included such language in a newly-issued certificate. In addition, based upon documents produced by MetLife and deposition testimony provided on its behalf, for all policies and customers for whom a specific rider or certificate has not been identified and produced to Plaintiffs as of March 31, 2019, all such policies are deemed to include this language (a) as of September 1, 2012, for all policies associated with customers MetLife categorizes as "National Accounts" or "Regional Market" accounts; and (b) as of December 31, 2012 for all policies associated with customers MetLife categorizes as "Local Market" accounts.

Questions?  Visit www.owensclassaction.com
**Para una notificación en Español, visite nuestro sitio web, www.owensclassaction.com**

OWENS NOTICE

will vary, depending on, among other things, the size of the Class Member's life insurance benefit, how long his or her Total Control Account was open, the amount of interest credited to the Class Member's Total Control Account, and the passage of time. Should the amount allocated to any Class Member be less than $10.00 (net of fees and expenses), that Class Member will not receive a payment.

The Settlement Agreement, the Distribution Plan and other papers, in, both English and Spanish, can be found at www.owensclassaction.com.

## 5.   When and where will the Court decide whether to approve the settlement?

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.  The hearing will be held on November 19, 2019, at 10:00 a.m., United States Courthouse, 121 Spring Street, Gainesville, Georgia 30501. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel.  At or after the hearing, the Court will decide whether to approve the settlement.

The Court has reserved the right to change the date and time of the Final Approval Hearing without further notice to the Class.  If you would like to attend the hearing, please check the website www.owensclassaction.com for any changes of the hearing date.

## 6.      How and when can I receive payment?

You need to do nothing.  If the settlement is approved and your share of the settlement (net of fees and expenses) is $10.00 or more, a check will be mailed to you at this same address.  If there is an appeal, then settlement checks will not be issued until the appeal is resolved and the order approving the settlement is approved by the appeals court.

## 7.      What if I currently have a balance in a Total Control Account?

If you currently have a balance in a Total Control Account, MetLife will continue to administer the account in accord with the account agreement. MetLife will continue to guarantee the balance and credit interest on that balance. MetLife will be free to invest the funds associated with that balance as it sees fit. MetLife may make more investment income using your funds than the interest that it pays to you. Part of this settlement includes a release of all claims relating to the rate of interest credited to Total Control Accounts issued under the Plans. As was always the case, you may choose to close your Total Control Account or keep it open.

## 8.      Do I have a lawyer in this case?

The Court appointed John C. Bell, Jr., Esq., Lee W. Brigham, Esq., Wm.Gregory Dobson, Esq., Michael J. Lober, Esq., John W. Oxendine, Esq., Todd L. Lord, Esq., Jason J. Carter, Esq. and Michael B. Terry, Esq. to represent you and other Class Members.  These lawyers are called Class Counsel.  You will not be personally charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 9.      How will the lawyers be paid?

Class Counsel will ask the Court to award attorneys' fees and will seek reimbursement of their expenses incurred to prosecute this action and administer this settlement of no more than one-third of the Settlement Fund, and to seek an incentive award of up to twenty-five thousand dollars ($25,000.00) to the Class Representative, all to be paid from the Settlement Fund. Attorneys' fees, expenses and incentive awards will be determined by the Court following a hearing and will be based upon the evidence presented and legal principles that govern such awards.  The Court may award less than the amounts requested. MetLife has agreed not to oppose the application for attorneys' fees, expenses and the incentive award.

## 10.     How do I get out of the settlement?

To exclude yourself from the settlement, you must submit to the Administrator at the address listed below, a written, signed, and dated statement that you are opting out of the Class and that you understand that you will receive no money from the Settlement of this Action. To be effective, this opt-out statement (i) must be received by the Administrator no later than

Questions?  Visit www.owensclassaction.com
**Para una notificación en Español, visite nuestro sitio web, www.owensclassaction.com**
OWENS NOTICE

September 25, 2019, (ii) include your name and last four digits of your social security number, and (iii) must be personally signed and dated by you.

**Owens Class Action**
**c/o Settlement Administrator**
**P.O. Box 23309**
**Jacksonville FL  32241-3309**

You can't exclude yourself on the phone or by e-mail.  If you are excluded, you will not get any settlement payment, you cannot object to the settlement, you will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) MetLife in the future for these same claims, but your claims may be time-barred.

## 11.     How do I object to the settlement?

If you are a Class Member, you can object to the settlement.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the settlement. · The letter must include certain information.  This information is described in paragraph 3.6 of the Settlement Agreement, which is available online at www.owensclassaction.com.

**DO NOT CALL THE COURT.**  Mail or electronically file the objection with the Clerk of the Court, James A. Hatten, U.S. Courthouse, 121 Spring Street, Gainesville, Georgia 30501, so that is received by the Clerk no later than September 25, 2019.

## 12.     Do I have to come to the hearing?

No, but you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court.  As long as you submitted your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but this is not necessary.

## 13.     May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear." Include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be received by October 21, 2019, by the Clerk of the Court at the address noted in question 11.

## 14.     Are there more details about the settlement?

You may visit the website at www.owensclassaction.com, where you will find copies of the Settlement Agreement and significant orders, as well as other information that may help you determine whether you are a Class Member and whether you are eligible for a payment. You may also call **1-800-501-0370** toll free or write to Owens Class Action, c/o Settlement Administrator, P.O. Box 23309, Jacksonville, FL 32241-3309.

The papers filed in this case are also available for inspection during business hours at the Office of the Clerk of Court, United States District Court for the Northern District of Georgia, 121 Spring Street, Gainesville, Georgia  30501, or on the internet at http://www.gand.uscourts.gov/.

Questions?  Visit www.owensclassaction.com
**Para una notificación en Español, visite nuestro sitio web, www.owensclassaction.com**
OWENS NOTICE