UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| LAURA A. OWENS and JOSHUA R. SMITH, individually and on behalf of two classes of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>            Defendant. | Civil Action File No. 2:14-CV-00074-RWS |

## MOTION TO STRIKE AND SEAL AND IN THE ALTERNATIVE TO ALLOW A SUR-REPLY BRIEF

The Court should strike all of the exhibits and declarations filed with the Reply Brief in Support of Motion to Determine Allocation of Attorney Fee Award to Former Counsel, Doc. 232. The filing of all of those documents violates the Rules of this Court and the Federal Rules of Civil Procedure. The Court should also strike Exhibit N to the Reply Declaration of M. Scott Barrett, filed with the Court as Doc. 232-5, in support of his Motion to Determine Allocation of Attorney Fee Award to Former Counsel, Doc. 222, for an additional and more troubling reason: Exhibit N reveals confidential and privileged information. The privilege, of

1819423.1

course, belongs to the client, and Barrett's pleading reveals this information without the class representative's consent or authorization. Barrett's use of this material to support his declaration repeats the very errors in judgment that led Lisa Owens to terminate whatever putative attorney-client relationship may have existed between them. The Court should strike the Exhibit or, in the alternative, seal it. Finally, this Court should either refuse to consider new arguments (and the discussion of new evidence) asserted in the reply brief, or in the alternative allow the filing of the attached proposed Sur-reply Brief addressing those new arguments.

## ARGUMENT

*First*, all the materials—including Exhibit N—attached to Barrett's reply brief violate both the Local Rules and the Rules of Civil Procedure. Both sets of rules prohibit attaching affidavits and associated materials to a reply brief to support arguments raised in an opening brief. *See Exceptional Mktg. Grp. Inc. v. Jones*, 749 F. Supp. 2d 1352, 1359 (N.D. Ga. 2010) (refusing to consider materials filed with reply brief in support of arguments raised in opening brief). The materials Barrett filed with his reply brief support the arguments made in his opening brief, and nothing prevented him from filing with his opening brief. They are therefore subject to the restriction imposed by both sets of rules.

The Federal Rules of Civil Procedure require that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). Similarly, this Court's Local Rules require movants to file supporting affidavits with their motions. N.D. Ga. Civ. L.R. 7.1(A). Together, these rules ensure non-movants an adequate opportunity to respond to all arguments made by a movant. As then-District Judge Carnes once wrote in declining to consider affidavits attached to a reply brief, "Justice is not served by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond." *Tischon Corp. v. Soundview Commc'ns., Inc.*, Case No. 1:04-cv-524-JEC, 2005 WL 6038743, at *8 (N.D. Ga. Feb. 15, 2005).

To preserve these interests, this Court routinely strikes and disregards evidence that should have been attached to the opening brief that is, instead, attached for the first time to a reply brief. *E.g.*, *Carlisle v. Nat'l Commercial Servs., Inc.*, Case No. 1:14-cv-515-TWT, 2015 WL 4092817, at *1-2 (N.D. Ga. July 7, 2015); *Ullico Cas. Co. v. Scott & Sons Holdings, LLC*, Case No. 1:11-cv-2261-WSD, 2013 WL 12244911, at *7 n.8 (N.D. Ga. Jan. 17, 2013).

In his motion, Barrett clearly invokes the *quantum meruit* doctrine. *E.g.*, Doc. 222 at 11, 15. His motion also acknowledges—expressly—that "the time

1819423.1

3

reasonably devoted to the representation and a reasonable hourly rate are factors to be considered in determining a proper quantum meruit award." *Id.* at 11 (quoting *Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz*, 652 So. 2d 366, 369 (Fla. 1995)). He did not, however, attach the time records he later attached to his reply, though they were indisputably available then.

It is similarly undisputed that Georgia law **required** Barrett to attach these time records to recover in *quantum meruit*. "In the absence of an enforceable contingency fee agreement, an attorney seeking quantum meruit damages must show the number of hours the attorney worked on the matter, his hourly rate, or any other evidence sufficient to prove the reasonable value of the attorney's services." *Eichholz Law Firm, P.C. v. Jeff Martin & Assocs., P.C.*, No. CV414-172-WTM, 2016 WL 4492855, at *4 (S.D. Ga. Aug. 25, 2016) (internal quotation marks omitted). Obviously, there is no enforceable contingency fee agreement here involving Barrett, for if there were, he would have supplied it to the Court. As *Eichholz* confirms, the absence of such an agreement demands the attorney supply evidence of hours worked and rate to prove value. And yet, Barrett failed to support his motion with the material Georgia law **required** him to attach. In filing them belatedly, Barrett sets up precisely the circumstances Federal Rule 6(c)(2) and Local Rule 7.1(A) exist to prohibit. These Rules, therefore, supply all the

reasoning the Court needs to strike the materials attached to Barrett's reply—and refuse to consider the exhibits when ruling on his motion.

*Second*, and more troubling, Exhibit N contains material subject to work product privilege and otherwise protected from disclosure by counsel's ethical obligation of confidentiality. Redacting time entries to protect privilege and confidentiality is common and well accepted in federal court. *See, e.g., Peterson v. PNC Bank, N.A.*, No. 6:18-CV-84-ORL-31DCI, 2019 WL 3037805, at *4 (M.D. Fla. July 11, 2019) ("With respect to the redactions on Defendant's time records, those redactions were necessary to preserve the attorney-client privilege, and the redactions do not mask the substantive work performed.").

For obvious reasons, counsel will not repeat in a public filing the specific comments in Barrett's time entries that alarm class counsel and tend to reveal confidential or privileged information. But, by way of summary, Barrett's time entries reveal his and other lawyers' discussions of expert reports, Doc. 232-5 at 7, counsel's interpretations of the specific meaning of contract terms, *id.* at 14, and subjects for legal research, to include specific search terms used, *id.* at 8. Such information, which betrays Barrett's and others' reasoning and strategy, is privileged and must, therefore, be redacted. *In re Lentek Int'l, Inc.*, No. 603-BK-08035-KSJ, 2006 WL 2987001, at *3 (Bankr. M.D. Fla. Sept. 12, 2006)

1819423.1

5

("However, billing and time records which also reveal litigation strategy or the specific nature of the services provided, such as entries describing the particular areas of law researched by an attorney, do fall within the protection of the privilege.").

Barrett's inclusion of this material confirms his preference for protecting his own interests over those of the client he purports to represent, just as did his insistence that his personal lawyer be copied on all communications relating to this case once the dispute with co-counsel arose. *See* Class Response to Motion to Allocate Fees [Doc. 224] at 11-12 (quoting the demands of Barrett and his lawyer that they be included on communications involving the litigation). At a minimum, Exhibit N should be sealed, or only redacted contents made available, to protect the privilege and confidentiality interests that belong to the class, not to counsel.

*Third*, and finally, Barrett's reply brief made new arguments about, among other things, the newly attached materials. For example, the reply brief for the first time requests that the court allocate fees among the certified class counsel. Doc. 232 at 8–15. "As a general rule, federal courts do not consider arguments that are presented for the first time in a reply brief." *Rindfleisch v. Gentiva Health Servs., Inc.*, 22 F. Supp. 3d 1295, 1301 (N.D. Ga. 2014). Courts can either disregard such

1819423.1

new arguments, or allow a sur-reply. *Id.* (court will disregard new arguments rather than allow a sur-reply).

> Although the Court may in its discretion permit the filing of a surreply, this discretion should be exercised in favor of allowing a surreply **only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief**.

*Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (emphasis added). Plaintiffs request that this Court either decline to consider the new arguments made in the reply brief, or allow the filing of the very short sur-reply attached hereto as Exhibit 1.

## CONCLUSION

For the reasons set forth above, the Court should strike Exhibit N to the Reply Declaration of M. Scott Barrett, filed with the Court as Doc. 232-5, and refuse to consider it in ruling on Barrett's Motion to Allocate Fees, Doc. 222. In the alternative, the Court should provisionally seal the document to allow the parties to redact confidential and privileged information. Proposed orders are attached.

1819423.1

## **CERTIFICATE OF COMPLIANCE**

Counsel certifies that this brief has been prepared using Times New Roman, 14-point, font, in conformance with Local Rule 5.1(B).

Signature and certificate of service pages follow.

Respectfully submitted, this 8th day of November, 2019.

<div style="column-count:2">

John C. Bell, Jr.
Georgia Bar No. 048600
john@bellbrigham.com
Lee W. Brigham
Georgia Bar No. 081698
BELL & BRIGHAM
P.O. Box 1547
Augusta, GA 30903-1547
Telephone: (706) 722-2014
Facsimile: (706) 722-7552

W. Gregory Dobson
Georgia Bar No. 237770
wgd@lddlawyers.com
LOBER & DOBSON, LLC
830 Mulberry Street
Suite 201
Macon, GA 31201
Telephone: (478) 745-7700
Facsimile: (478) 745-4888

Michael J. Lober
Georgia Bar No. 455580
mjlober@lddlawyers.com
LOBER & DOBSON, LLC
301 Creekstone Ridge
Woodstock, GA 30188
Telephone: (770) 741-0700

/s/ Michael B. Terry
Michael B. Terry
Georgia Bar No. 702582
terry@bmelaw.com
Jason J. Carter
Georgia Bar No. 141669
carter@bmelaw.com
Amanda Kay Seals
Georgia Bar No. 502720
seals@bmelaw.com
BONDURANT MIXSON &
   ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, NW
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

John W. Oxendine
Georgia Bar No. 558155
jwolaw@gmail.com
4370 Peachtree Road, NE
Atlanta, GA 30319
Telephone: (404) 734-5738

Todd L. Lord
Georgia Bar No. 457855
attyllord@windstream.net
P.O. Box 901
Cleveland, GA 30528
Telephone: (706) 219-2239
Facsimile: (706) 348-8200

</div>

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that I have on this 8th day of November, 2019, filed the foregoing **MOTION TO STRIKE AND SEAL AND IN THE ALTERNATIVE TO ALLOW A SUR-REPLY BRIEF** with the Clerk of Court using the Court's CM/ECF system, which will automatically send electronic notification of such filing to all counsel of record.

<div style="text-align: right;">

/s/ Michael B. Terry
Michael B. Terry
Georgia Bar No. 702582

</div>

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| LAURA A. OWENS and JOSHUA R. SMITH, individually and on behalf of two classes of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>      Defendant. | Civil Action File No.<br>2:14-CV-00074-RWS |

## [Proposed] ORDER GRANTING THE MOTION TO STRIKE

The class has moved to strike Exhibit N to M. Scott Barrett's Reply in Support of Motion to Determine Allocation of Attorney Fee Award to Former Counsel, Doc. 232-5. Upon consideration of the class's motion and for good cause shown, the Court will grant the motion to strike for the reasons stated in the class's motion.

IT IS HEREBY ORDERED that Doc. 232-5 is struck, and the Court will disregard it.

SO ORDERED, this \_\_\_\_\_ day of November, 2019.

1819037.1

2

_____
Honorable Richard W. Story
UNITED STATES DISTRICT JUDGE

1819037.1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| LAURA A. OWENS and JOSHUA R. SMITH, individually and on behalf of two classes of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>  Defendant. | Civil Action File No.<br>2:14-CV-00074-RWS |

## [Proposed] ORDER GRANTING THE MOTION TO SEAL

The class has moved to seal Exhibit N to M. Scott Barrett's Reply in Support of Motion to Determine Allocation of Attorney Fee Award to Former Counsel, Doc. 232-5. Upon consideration of the class's motion and for good cause shown, the Court will grant the motion to seal for the reasons stated in the class's motion.

IT IS HEREBY ORDERED that the Clerk shall maintain Doc. 232-5 under seal.

SO ORDERED, this \_\_\_\_\_ day of November, 2019.

_____
Honorable Richard W. Story
UNITED STATES DISTRICT JUDGE

1819038.1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| LAURA A. OWENS and JOSHUA R. SMITH, individually and on behalf of two classes of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY, <br><br> Defendant. | Civil Action File No. 2:14-CV-00074-RWS |

## [Proposed] ORDER GRANTING THE MOTION TO FILE A SURREPLY

The class has moved for leave to file a surreply to M. Scott Barrett's Reply in Support of Motion to Determine Allocation of Attorney Fee Award to Former Counsel, Doc. 232. Upon consideration of the class's motion and for good cause shown, the Court will grant the motion for leave to file a surreply for the reasons stated in the class's motion.

IT IS HEREBY ORDERED the class may file a surreply to M. Scott Barrett's Reply in Support of Motion to Determine Allocation of Attorney Fee Award to Former Counsel, Doc. 232, within fourteen (14) days of entry of this order.

1819035.1

2

SO ORDERED, this _____ day of November, 2019.

_____
Honorable Richard W. Story
UNITED STATES DISTRICT JUDGE