FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

NOV 19 2019

JAMES N. HATTEN, Clerk
By: DR   Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

LAURA A. OWENS and JOSHUA R. SMITH, individually and on behalf of two classes of all others similarly situated,

    Plaintiffs,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.

Civil Action File 2:14-cv-00074-RWS

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter having come before the Court on the application of the parties for final approval of the Settlement set forth in the Settlement Agreement, dated July 24, 2019, for the *Owens* Class ("*Owens* Class Agreement") (Dkt. 212-1), and the *Owens* Distribution Plan (Dkt. 212-2), and for final approval of the Settlement set forth in the Settlement Agreement, dated July 24, 2019, for the *Smith* Class ("*Smith* Class Agreement") (Dkt. 213-1), and the *Smith* Distribution Plan (Dkt. 213-2), and due and adequate notice having been given to each of the Classes,[1] and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to

the Court having considered all papers filed and proceedings had herein and otherwise being duly informed in the premises and good cause appearing therefore, it is this 19th day of November, 2019, ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the two Classes.

2. The mailing of individual notice to each individual class member as specified in this Court's prior orders satisfies Federal Rule of Civil Procedure 23, any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Final Approval Hearing and the rights of all Class Members have been provided to all people, powers, and entities, entitled thereto.

3. Pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., notice was provided to the Attorneys General for each of the states in which a Settlement Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor. All requirements of the Class

---

them in the *Owens* Class Agreement and *Smith* Class Agreement.

Action Fairness Act, 29 U.S.C. § 1711, et seq., have been met.

4. As to the *Owens* Class, one (1) class member sent an untimely objection to the Settlement Administrator that was not filed with the Court. No class members appeared at the hearing to object to the Settlement.

5. Members of the *Owens* Class had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6. As to the *Smith* Class, two (2) class members filed a formal objection to the Settlement and no class members appeared at the hearing to object to the Settlement.

7. Members of the *Smith* Class had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

8. Each and every Objection to the settlement is overruled with prejudice.

9. The motions for final approval of the *Owens* Class and the *Smith* Class Settlement Agreements are hereby GRANTED, the settlements of the Class Actions are APPROVED as fair, reasonable and adequate to the Plans and the Classes, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreements.

10. The Court hereby approves the Settlements set forth in the Settlement Agreements and in the Distribution Plans for each Class, and finds that said Settlements, Settlement Agreements and Distribution Plans are in all respects, fair, reasonable and adequate to all members of the Settlement Classes that include:

*Owens* Class

> All life insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife that provide for payment in "one sum" for whom MetLife established a "Total Control Account" between April 18, 2008, and December 31, 2012. Expressly excluded from the class are beneficiaries under policies that, at the time of the insured's death, contained the statement in the policy certificate or an endorsement to the policy certificate that expressly states that claims for benefits can be settled "by establishing an account that earns interest."[2]

---

[2] For purposes of the settlements, by agreement of the parties, a policy certificate is deemed to include this language as of the date that MetLife's records produced in this litigation indicate MetLife: (a) issued to the policyholder a rider that purported to amend or clarify the policy to include this language; or (b) included such language in a newly-issued certificate. In addition, based upon documents produced by MetLife and deposition testimony provided on its behalf, for all policies and customers for whom a specific rider or certificate has not been identified and produced to Plaintiffs as of March 31, 2019, all such policies are deemed to include this language (a) as of September 1, 2012, for all policies associated with customers MetLife categorizes as "National Accounts" or "Regional Market" accounts; and (b) as of December 31, 2012 for all policies associated with customers MetLife categorizes as "Local Market" accounts.

*Smith* Class

    All life insurance beneficiaries of ERISA-governed employee benefit plans that were insured by group life insurance policies issued by MetLife that provide for payment in "one sum" for whom MetLife established a "Total Control Account" (a) between January 1, 2013 and March 31, 2019; and (b) between April 18, 2008 and December 31, 2012 for all policies that, at the time of the insured's death, contained the statement in the policy certificate or an endorsement to the policy certificate that expressly states that claims for benefits can be settled "by establishing an account that earns interest.

11.   The members of the Settlement Classes (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors and assigns) who did not make a valid[3] request for exclusion from their respective Classes, shall be deemed conclusively to have released any and all Released Claims. "Released Claims" means any and all claims (including but not limited to "Unknown Claims"), demands, losses, rights, appeals, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common,

---

[3] The Court approves the untimely requests for exclusion noted in the Declaration [234] as valid. Any other untimely requests are invalid.

or foreign law, by the Representative Plaintiffs, the Settling Plaintiffs, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Parties, which (a) arise out of, are based on, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action, or which could have been alleged in the Action, (b) arise out of, are based on, or relate to or pertain to the establishment and/or use of Total Control Accounts to settle claims for insurance, including but not limited to, the creation of Total Control Accounts, the interest paid on Total Control Accounts, the investment of funds related to the Total Control Accounts, and the earning or retention of profits from the Total Control Accounts, or (c) are otherwise deemed released in accordance with the provisions of the Settlement Agreements. Released Claims include, but are not limited to, all claims, actions, rights or causes of action arising under statutory or common law that were raised or could have been raised in this litigation, including, without limitation, any violation of ERISA or state law (including but not limited to any Georgia state law claim, which includes but is not limited to any claim under

O.C.G.A. § 33-25-10 or O.C.G.A. § 33-38-1, *et seq.*); any intentional wrongdoing; any fraud, misrepresentation or negligent misrepresentation; any breach of fiduciary duty; any breach of contract; any breach of the duty of good faith and/or fair dealing; any prohibited transactions; and includes any claims for damages, profits, interest, accounting for profits, unjust enrichment, attorneys' fees, punitive damages, or equitable relief. Released Claims do not, however, include claims to enforce the Settlement Agreements. For the avoidance of doubt, the Settlement Agreements shall not release the claims of any Class Member under any insurance policies unrelated to this case.

12. No Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties.

13. Class Counsel, the Class Representatives, or the Class Members who did not make a valid request for exclusion from their respective Classes may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Defendant and the Released Parties or the decision to release, relinquish,

waive, and discharge the Released Claims, or might have affected the decision of a Class Member not to object to the Settlements. Notwithstanding the foregoing, each Class Representative and Class Member who did not make a valid request for exclusion from their respective Classes has hereby fully, finally and forever settled, released, relinquished, waived and discharged any and all Released Claims, and each Class Representative and Class Member who did not make a valid request for exclusion from their respective Classes has hereby acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlements embodied in the Settlement Agreements of which this release is a part.

14. In the *Owens* Class, the application by Class Counsel for reimbursement of expenses and reasonable attorneys' fees is granted. Attorneys' fees and expense reimbursement in an amount of $25,000,000.00 are hereby found to be reasonable and are awarded to Class Counsel.[4] Class Counsel shall

---

[4] As to the fee award for representation of the *Owens* Class and the *Smith* Class, the Court has considered the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989), other factors identified in *Camden I Condo. Assoc.*

recover such fees and expenses from the Settlement Fund as and in the manner described in the Settlement Agreement. The Court finds that $25,000.00 shall be paid the named Plaintiff and Class Representative, Laura A. Owens, as an incentive award for her efforts in prosecuting this case. These awards shall be paid from the Settlement Fund as and in the manner described in the Settlement Agreement.

15. In the *Smith* Class, the application by Class Counsel for reimbursement of expenses and reasonable attorneys' fees is granted. Attorneys' fees and expense reimbursement in an amount of $1,666,666.67 are hereby found to be reasonable and are awarded to Class Counsel. Class Counsel shall recover such fees and expenses from the Settlement Fund as and in the manner described in the Settlement Agreement. The Court finds that $10,000.00 shall be paid the named Plaintiff and Class Representative, Joshua R. Smith, as an incentive award for his efforts in prosecuting this case. These awards shall be paid from the Settlement Fund as and in the manner described in the Settlement Agreement.

---

*v. Dunkel*, 946 F.2d 768, 774 (11th Cir. 1991), and "additional factors unique to [this] particular case...." *Camden I*, 946 F.2d at 775.

16. Pursuant to the Settlement Agreements, the Settlement Funds shall bear all notice costs, costs associated with payment of the settlement proceeds, Settlement Administrator fees, Class Counsel's attorneys' fees and expenses, and incentive awards to the named Plaintiffs in each Class.

17. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member who did not make a valid request for exclusion from their respective Classes.

18. This action is hereby dismissed with prejudice as to the Settled Claims of the Settlement Class Members of the *Owens* Class and the *Smith* Class, and without taxable costs to the parties.

19. The Court expressly finds that there is no just reason for delay and, pursuant to Federal Rule of Civil Procedure 54(b), directs the entry of final judgment as to all claims and matters except those listed below in this paragraph. The Court reserves jurisdiction, without affecting the finality of this Judgment, over:

   a. Implementation of the Settlements;

   b. Disposition of the Settlement Funds;[5] and

---

[5] This includes the resolution of M. Scott Barrett's Motion to Determine Allocation

      c.      Enforcing and administering the Settlement Agreements.

20.    Upon entry of this Order, all Class Members who did not make a valid request for exclusion from their respective Classes shall be bound by the Settlement Agreements as amended and by this Final Order.

IT IS SO ORDERED, this the 19th day of November, 2019.

                                      Richard W. Story
                                      United States District Judge

---

of Attorney Fee Award to Former Counsel [222].