# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| LAURA A. OWENS, individually and on Behalf of a Class of All Others Similarly Situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action File No. 2:14-CV-00074-RWS |
| METROPOLIAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

## REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION
## TO MOTION FOR RECONSIDERATION [DOC. 249]

R. Randy Edwards
Georgia Bar No. 241525
COCHRAN & EDWARDS, LLC
2950 Atlanta Road SE
Smyrna, Georgia 30080-3655
(770) 435-2131
(770) 436-6877 (*fax*)
randy@cochranedwardslaw.com

**Attorney for former Counsel**
**M. Scott Barrett and Barrett Wylie**

COME NOW Former Class Counsel M. Scott Barrett (Barrett) and his firm Barrett Wylie, LLC, ("Barrett") and without waiving their Reply To Plaintiffs' Notice Of Non-Opposition [DOC. 248] previously filed on January 7, 2020, hereby file this REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION [DOC. 249] and in support hereof, show the Court the following:

## I.   <u>INTRODUCTION</u>

The instant motion is "absolutely necessary" for the Court to correct multiple clear errors of law, including that the Court did not abide by Fed. R. Civ. P. 23(h)(3) which says that the Court "must find the facts and state its legal conclusions under Rule 52(a)." *See*, *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N. D. Ga. 2003)("absolutely necessary" standard  to be shown to correct a clear error of law or fact).  Barrett's view is that failing to correct this error now will likely doom the Court's legal analysis later from withstanding serious scrutiny by the Eleventh Circuit to reconsider, vacate, or reverse the Court's Order of December 26, 2019 (the "Order") [DOC. 246]. That is why this motion is not a rehash of previous arguments, as suggested by Class Counsel.   For the sake of judicial economy, Barrett's preference (and for the sake of judicial economy, perhaps Class Counsel shares the same view) is for the Court take another look at the Order's analysis and vacate it in

lieu of a proper analysis under Fed. R. Civ. P. 52(a) as outlined in these motion papers.

## II.     <u>ARGUMENT AND CITATION OF AUTHORITY</u>

### A.     <u>Under any Legal Scenario, a Thorough and Sifting Rule 52(a) Analysis is Required to Make Findings of Fact and Conclusions of Law.</u>

#### 1.     <u>The Order was Premature.</u>

Notwithstanding whether the Court made its analysis based on class action federal common law or on Georgia's *quantum meruit* state law, the Court never considered such essential facts as (1) the attorney fee contract, (2) a co-counseling agreement, (3) the result achieved while Barrett was still co-counsel, and (4) a comparison of the hours and the contributions of all class counsel to determine the reasonable value of Barrett's contribution to the result obtained.  This would have been essential in evaluating Barrett's fee allocation claim under either federal class action common law, *e.g.*, *Allapattah Servs., Inc.* v. *Exxon Corp.*, 454 F. Supp. 2d 1185 (S.D. Fla. 2006), or *quantum meruit* under Georgia law, *e.g.*, *Kirshner & Venker, P.C. v. Taylor & Martino, P.C.*, 277 Ga. App. 512 (2006).

Both scenarios require consideration of the interplay of the individual retainer agreement between the class representatives and class counsel. *Allapattah Servs.* at 1215; *Ellerin & Associates v. Brawley*, 263 Ga. App. 860, 861 (2003). Both

scenarios consider whether a co-counseling agreement come into play. *Allapattah Servs.,* at 1222; *Kirshner* at 513. And both scenarios require consideration of the amount of work all the attorneys had done, including the terminated counsel, and the results accomplished. *Allapattah Servs.,* at 1213 and 1227; *Lewis v. Smith*, 274 Ga. App. 528, 531–32 (2005) (*quoting Brookhaven Supply Co. v. Rary,* 131 Ga. App. 310, 312(4)).

Of course, the reason why the Court did not consider such facts is because the Court refused Barrett's repeated requests to conduct limited discovery, or to have an evidentiary hearing. And Class Counsel has never voluntarily offered to produce the co-counseling agreement or let Barrett depose either Ms. Owens or John Chapman Bell. These facts have been in the exclusive custody and control of Class Counsel and Barrett never had an opportunity to discover them.

Hence, Class Counsel's argument, found on page 3 of their Response, that "Barrett has (admittedly) failed to provide timely or adequate evidence to support his motion" is a disingenuous attempt to argue that Barrett lacks the facts to support his motion. Had Barrett been given the opportunity to obtain these crucial and necessary facts, which he has asked for throughout this entire process, this Court could have made a proper finding pursuant to Rule 52(a). It is that simple.

2.    The Court should have Applied Federal Class
Action Common Law and Not Georgia Law.

Barrett's longstanding view has been that this Court should have applied the federal common law as announced in *Allapattah Servs., Inc.* v. *Exxon Corp., supra.* But without explanation, the Court decided to go "[o]utside the class action context" [Order, DOC. 245, p. 6] and apply Georgia law to Barrett's claim, instead of the federal common law which was applied to Class Counsel's claim for attorneys' fees.[1] This resulted in the Court treating Barrett very differently than Class Counsel, whose fees were decided under federal law. The difference is obvious in a numerical sense, where 99.5% of the fee went to class counsel and a paltry 0.5% of the fee went to Barrett.

This Court should have treated both Barrett and Class Counsel equally and applied federal law, since federal interests, not Georgia interests, were at stake. This starts with the case itself—it is an ERISA case, 29 U.S.C. §1001 *et. seq.* involving a federal question. In that context, the Supreme Court in *Pilot Life Ins. Co. v. Dedeaux,*

---

[1] The Court granted class counsels' Motion for Attorneys' Fees [DOCS. 225 & 226] in which it collectively awarded $26,666,666.67 based on federal common law announced in *Camden I Condo. Assoc. v. Dunkel*, *supra*, at 774 and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989). [Order of November 19, 2019, DOC. 239, pp. 8-9 fn. 4] Incongruously, the Court ignored federal common law and instead applied Georgia law to determine Barrett's allocation.

481 U.S. 41, 56 (1987) stated:"[i]t is also intended that a body of Federal substantive law will be developed by the courts to deal with issues involving rights and obligations under private welfare and pension plans." Substantively, there is no Georgia state interest involved here.

Further, because this is a class action case, the Court is required to hear claims for attorneys' fees under Fed. R. Civ. P. 23(h) using the procedures of Fed. R. Civ. P. 54(d)(2). That is how Class Counsels' fee was determined. Barrett's allocation should have been determined similarly under federal law as is noted in *Camden I*, *supra*: "Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval." *Camden I*, at 771. But the court did not employ any federal cases, such as *Allapattah Servs.*, and this too was clear legal error within the context of failing to find facts under Rule 52(a).[2]

_____

[2] Even in diversity cases, which is not the case here, Courts have been sparing to use State law when determining fees.  *See* cases and parentheticals in *Allapattah Servs,* at 1200: "*Weinberger v. Great Northern Nekoosa Corp.,* 925 F.2d 518, 522 n. 5 (1st Cir.1991)(recognizing that district court presiding over diversity-based class action has equitable power to apply federal common law in determining fee award irrespective of state law); *Mathewson Corp. v. Allied Marine Indus. Inc.,* 827 F.2d 850, 853 n. 3 (1st Cir.1987)(federal court settlement implicating matters of considerable federal concern requires resolution by federal common law principles as opposed to state law); *Perfect Fit Indus. v. Acme Quilting Co., Inc.,* 646 F.2d 800, 806 (2d Cir.1981)(federal court's equitable powers not governed by state law even when state law provides the rule of decision); *Clark Equip. Co. v. Armstrong Equip.*

**B.      Class Counsel Does Not Oppose Barrett's Argument that the Court Improperly Relied on the Lodestar Approach.**

Class Counsel does not dispute Barrett's argument that the Court based its recommendation on the "lodestar" approach from a 1988 case, *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988), Order, p. 10 [Doc. 245 at p. 10.],  which is no longer followed.  "[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.  *Kramer v. Gwinnett Cty., Georgia*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004), *aff'd sub nom. Kramer v. Gwinnett Cty., Ga.*, 116 Fed. Appx. 253 (11th Cir. 2004).  That is another legal error that must be corrected.

**C.      It Does Not Matter whether Barrett was Terminated "For Cause"**

The Court effectively held that Barrett cannot recover a fee "connected to the contingency" because he was terminated before the occurrence of the contingency. This does not matter and even if the Court were to review this issue under Georgia law, it would be a clear legal error.

---

*Co.,* 431 F.2d 54, 57 (5th Cir.1970)(*Erie* doctrine does not deprive federal court in diversity case from power to employ equitable remedies not available under state law)."

In *Lewis v Smith*, 274 Ga. App. 528 (2005), which Barrett submits is exactly on point, Lewis was terminated "for cause" before the occurrence of the contingency, *i.e.*, "recovery."  The Georgia Court of Appeals stated: "Where the client discharges the attorney, ***with or without cause***, the attorney retains the right of compensation, not under the contract of employment which is at an end, but under *quantum meruit* which is protected by the attorney's lien statute." (emphasis added, citation omitted). *Id.* at 531.

Nevertheless, Class Counsel, in its Response, challenges this notion:

> Similarly, Barrett's reliance on *Lewis v. Smith*, 274 Ga. App. 528, 531–32,(2005), and *Tolson v. Sistrunk*, 332 Ga. App. 334 (2015), is wrong. As the Court correctly noted, there is no reason to expand the inquiry in this case beyond the services Mr. Barrett rendered to Ms. Owens. He was terminated ***for cause*** before class certification and before any contingency occurred. He has presented no evidence whatsoever that (a) he achieved any "results," or (b) that his contribution was worth more than his hourly rate. Indeed, all of his testimony regarding the value of his contribution relates to work done on other cases. That cannot form the basis for an award in this case.

Response Brief, p. 5 [DOC. 249]

But this is totally irrelevant even if, as class counsel suggests, Barrett "was terminated for cause."  That is because, to the extent that Georgia law controls (which Barrett doubts), and regardless whether Barrett may have been terminated

"for cause" (which Barrett vigorously disputes[3]), this Court is *still* required to determine whether the Class received any benefit from Barrett's services:

> Under a *quantum meruit* claim, "[a]n attorney is entitled to have his fees valued both in light of the amount of work he has done, and also by the results accomplished." *Brookhaven Supply Co. v. Rary*, 131 Ga. App. 310, 312(4), 205 S.E.2d 885 (1974). Accordingly, the trial court must determine whether Smith received any benefit from Lewis' services, and if so, the value of those services rendered and received. *See Sosebee, supra* at 708–710 (1), 492 S.E.2d 584; *Haldi, supra* at 802–803(2), 522 S.E.2d 696. In accordance with our holding, we remand this case for the conduct of a trial under the principle of quantum meruit.

*Lewis v. Smith*, 274 Ga. App. 528, 531–32 (2005).  Here, Barrett has been denied his right to a trial under the principle of *quantum meruit*.

### D.   Reliance on *Allapattah Servs.* on the Issue of Imposing a Lodestar Over Barrett's Objection is Inapposite to the Case at Bar.

The initial brief went into great detail criticizing the Court's interpretation of *Allapattah* on p. 9 of the Order, that there is no federal precedent supporting the imposition of a lodestar on objecting former counsel merely because they were not a signatory to the fee agreement.  Barrett previously stated that "it is by no means the sole and exclusive means of calculating *quantum meruit*, particularly over the objection of the discharged former co-counsel." [DOC. 246]

---

[3] Barrett, of course strongly challenges the claim that he was terminated "for cause." *See, e.g.*, Doc 222.

Class Counsel's response was that Barrett "was never a party to class counsel's contracts, has never articulated any basis for criticizing those contracts, and he has presented no "cause" whatsoever to attack those contracts." Response, p. 4 [DOC. 249]

These arguments are disingenuous at best, especially in light of the fact that there are no such contracts that are part of the record.  Even more, and as originally argued in the brief-in-main, McKenna, Long & Aldridge, LLP in *Allapattah* requested a lodestar recovery.  Lodestar is not the sole and exclusive means of calculating *quantum meruit*, particularly over the objection of the discharged former co-counsel.  Indeed, Georgia law squarely holds that under a *quantum meruit* claim, "[a]n attorney is entitled to have his fees valued both in light of the amount of work he has done, ***and also by the results accomplished***." *Lewis, supra* (emphasis added). How about an two additional sentences to the effect:  McKenna, Long & Aldridge, LLP in *Allapattah* requested a lodestar recovery only - they did not seek any recovery based on results accomplished.  McKenna, Long & Aldridge, LLP received exactly what they asked for  - a lodestar recovery - no more no less.  While the amount of work performed by Barrett is certainly ***one factor*** the Court must consider, under both federal and Georgia common law, the court ***must also consider*** the results accomplished.  Here, Barrett is requesting the exact same procedure as

the court employed in *Allapattah* and *Lewis*, to wit, discovery and an evidentiary hearing to determine the reasonable value of his contribution to the result obtained.

      **E.**    **The Anomalous Result of  Class Counsel Receiving 99.5% of the Fee and Barrett Receiving 0.5% of the Fee is Manifestly Unjust**

By recommending that Barrett receive a scant one-half of one percent (0.5%) of the fee, instead of the minimum of 10% Barrett should have received in light of his termination (Doc 246-1, Exhibit 1-Barrett Decl. ¶8)(hereinafter "Barrett Decl."), there is no question that class counsel as a whole will be "unjustly enriched" by at least 9.5% of the total fee, or $2,533,333.  That windfall goes to class counsel.

The facts here almost border on the outrageous. Barrett was terminated because he wanted a contract, which Bell refused to even discuss.  After Barrett was terminated, the firm Bondurant Mixson & Elmore, LLP ("BME") was brought in and a contract was signed.  The logical conclusion, although Barrett does not really know for sure, is that BME, as a condition to getting involved, wanted a contract.   But the Court has refused to question the contract because "the contracts have not been challenged."  Order p. 9.   The fallacy here is that Barrett cannot challenge the contract because Class Counsel has not, and will not, show it to Barrett and without the court either ordering limited discovery or conducting an evidentiary hearing.

The final irony/injustice is the Court's concluding comments that "ultimately, the fairness issues in this dispute could be cured by contract" is basically a slap in the face to Barrett.    First, even if Barrett had been a party to a written agreement, the agreement would have been vitiated upon his termination.[4]   Moreover, Barrett wanted a contract, Bell did not.   As Barrett has maintained throughout this process, with contemporaneous emails as corroboration, Bell orchestrated Barrett's firing *because* Barrett wanted a contract rather than acceding to John Bell's demands for complete and total discretion to allocate fees as he saw fit.  Class Counsel's criticism on page 4 of their Response [Doc. 249] that Barrett was not a party to Class Counsel's contracts is classic *chutzpah*.    Other than John Bell's self-serving testimony, the great weight of the evidence is that Barrett was terminated because he insisted on the very contract they fault him for not having signed.   Surely, equity would not allow for this argument.

---

[4] In *Lewis v. Smith*, a written "Contract of Employment" was executed by both the attorney and client.   But because the attorney was terminated before the "recovery", he was limited to quantum meruit.  274 Ga. App. at 530.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, former co-counsel M. Scott Barrett and Barrett

Wylie, LLC respectfully request relief as asked for in its brief-in-main.

This 28th day of January 2020.

/s/ Randy Edwards

COCHRAN & EDWARDS, LLC          R. Randy Edwards
2950 Atlanta Road SE            Georgia Bar No. 241525
Smyrna, Georgia 30080-3655
(770) 435-2131                  *Attorney for Former Counsel*
(770) 436-6877 (*fax*)          *M. Scott Barrett and Barrett*
randy@cochranedwardslaw.com     *Wylie, LLC*

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

/s/ Randy Edwards

Randy Edwards
Georgia Bar No. 241525

## **CERTIFICATE OF SERVICE**

This is to certify that on this day I electronically filed the within and foregoing

**REPLY TO PLAINTIFFS' NOTICE OF NON-OPPOSITION [DOC. 247]** with

the Clerk of Court using the CM/ECF system, which will automatically send email

notification of such filing to the following attorneys of record:

John Chapman Bell, Jr.
J.C. Bell
John W. Oxendine
Leroy Weathers Brigham
M. Scott Barrett
Michael Jordan Lober
Todd L. Lord
William Gregory Dodson
Jason James Carter
Michael B. Terry
Deborah S. Davidson
Gina F. McGuire
Jeremy P. Blumenfeld
Melissa D. Hill
Michael A. Caplan
William J. Delany
Benjamin Wayne Cheesbro
Brendan Ballard
Irene A. Firippis
Julia Blackburn Stone
Phillip E. Stano
Thomas W. Curvin

This 28th day of January 2020

/s/ *Randy Edwards*
R. Randy Edwards
Georgia Bar No. 241525